Nash; J.
 

 The first cause assigned in the demurrer, is answered by the demurrer itself. It is, that the plaintiff has asked the court to provide for the relief of Chesnut; Robinson' and Murphy, who are not parties to the bill. A demurrei is' On allegation of a defendant, which, admitting the matters of fact alleged by the bill to be true, shows, that, as they are' therein set forth; they are insufficient for the plaintiff to proceed upon; or oblige the defendant to answer. Now the plain-' tiff asks relief for himself, upon a. state of fact's, which, if true, clearly entitles
 
 him id
 
 relief. His officiously asking the aid of the coürt; ffe’r others; Who are not parties b his bill,' and1
 
 *610
 
 not ask it for themselves, certainly ought not, and cannot, deprive him of his right. It is an equitable, as well as legal maxim, that
 
 utile per imitile non vitiatur.
 
 This is an insufficient cause of demurrer to the whole bill, being too broad.— The 2nd cause assigned is, as to the sale made by the sheriff to Faison. The demurrer alleges, that the bill charges that sale to be fraudulent, though made to pay the just debts of Dixon Sloan. The statements of the causes of demurrer are nothing more than references to the bill, and an enumeration of the objections appearing on its face 5 and, hence, the first question in considering a cause assigned in a demurrer ever is, is it true? Does the bill contain the statement as alleged in the demurrer
 
 ?
 
 Redes, p. 156.
 

 Upon examination it clearly appears, that the bill did not intend to charge, and in fact does not charge, that the sale fey the
 
 sheriff
 
 was fraudulent. The charge is, that the conveyance of Faison to David Sloan, in trust for Mrs. Sloan and her children, was in fraud of the rights of the creditors of Dixon Sloan. From anything appearing on the face of the bill, Faison is a
 
 bona fide
 
 purchaser of the eight negroes, at the sheriff’s sale; and the allegation of fraud, in this particular, is confined to his conveyance to David D. Sloan. The fact then is not stated in the demurrer, and the bill is free from the objection.
 

 The principal cause of demurrer, is the third assigned, and is for multifariousness. Equity will not permit a plaintiff to demand, in the same bill, several distinct matters, differing in nature, against several defendants, for this would be to expose each defendant to unnecessary cost. The pleadings would necessarily be spread out, by the statement of the several claims of the other defendants, with which the co-defendants could have no connexion. In such a case, the bill is demur-able. But when one general right is claimed by the plaintiff, though the individuals, made defendants, have separate and distinct rights, yet they may all be' charged in the same bill, and a demurrer for that cause cannot be sustained.
 
 Buckle
 
 v.
 
 Atles, 2
 
 Vern. 37.
 
 Seymor
 
 v. Bennett, 2 Atk. 484.
 
 Adair
 
 
 *611
 
 v.
 
 N. R. Company,
 
 11 Ves. 444.
 
 Corporation of Carlisle
 
 v.
 
 Wilson,
 
 13 Ves. 294.
 
 Duke of Norfolk
 
 v.
 
 Myers,
 
 1 Mad. Rep. 83. 1st Jac. & Walk. 369.
 

 Thus, where the plaintiff claims a general right to the sole fishery of a particular river, he juay file his joint bill against all persons claiming several rights in the fishery, as occupiers of the land adjacent to the river, or otherwise.
 
 Mayor of York v. Pilkington,
 
 1st Atk. 282. So also for the infringement of a copy right or patent.
 
 Dilley
 
 v.
 
 Doig,
 
 2 Ves. Jr. 486. These cases show, that, when one general legal right is claimed against several distinct persons, though their rights are different and distinct from each other, they may still all be joined in the same bill. In this case, the plaintiff claims one general legal right, against all these defendants. His allegation is, that all the negroes are the property of Dixon Sloan, so far as he is concerned, and constitute one fund for the payment of his debts. The deed made by Faison to David Sloan, being for a valuable consideration proceeding from Dixon Sloan, it is as if Dixon Sloan had himself made the conveyance. It is a voluntary settlement, made by him, upon 'his wife and children, and is therefore fraudulent and void against his creditors, provided their debts cannot be paid without resorting to it.
 
 Morgan
 
 v.
 
 McClelland,
 
 3 Dev. 82. The bill charges, that the plaititiff is such a creditor, and states, that, at August Term, 1835, of Sampson County Court, Dixon Sloan was appoined guardian of the infant children ofChesnut, and gave bond with the plaintiff as his surety. On the 17th of November, 1841, suit was brought on the bond, against the plaintiff’ and Sloan, and a judgment obtained, and the execution levied on the property of the plaintiff, and he was obliged to pay it. He, therefore, claims to be substituted to the rights of the wards of Dixon Sloan, and as a creditor at the time the conveyance was made by Faison. And the demurrer admits these facts. The negroes then, so conveyed to David D. Sloan, remain liable to pay the plaintiff’s claim, provided other property of the said Dixon cannot be found subject to the debt. The mortgages to John C. Moore, for all
 
 *612
 
 that appears on the bill, .were made
 
 bona fide ;
 
 but it is al? ^eSe(^i ^at debts secured by them have been paid by Moore out of the proceeds of the mortgaged negrops, and that seypraj 0£ tfjewi stp[ remain jn his hands, unsold. If so, a trust has resulted to Dixon Sloan, and John' C. Moore holds the unsold negroes as his trustee.
 
 Harrison
 
 v.
 
 Battle & others,
 
 1 Dev. Eq. 587. In such case, after the payment of the debts secured by the mortgage, the bargainor’s interest is, in equity, .subject to the payment of his debits. It was necessary for the plaintiff, before he could subject the slaves in the hands of David D. Sloan, to shew that there was no property of Dixon Sloan, out of which his claim would be satisfied. ' To do this, John C. Moore was a necessary party. It is, indeed, highly to the interest of the wife and children, that they should be made parties, as they are enabled, thereby more effectually to guard their own interests, by seeing that the funds in the hands pf John C. |Ioore is properly accounted for, and properly applied, in exoneration of that held by their trustee. David D. Sloan.
 

 Per Curiam, ' Decree affirmed with one set of costs..