JAMES M. HEGGIE v. CHAS. HILL et als.

*Joinder of Causes of Action—Multifariousness.*

1. The provisions of The Code in regard to the joinder of causes of action, have not made any substantial change from the rules of equity practice in regard to multifarious bills, except to enlarge the right to unite in one action different causes of action.

2. Under the former equity practice, the bill was not multifarious, when there was a general right in the plaintiff, covering the whole case, although the rights of the defendants may have been distinct.

3. Where there were two mortgages on a tract of land, and it was sold first under the second mortgage, and afterwards under the first, and then the interest of the purchaser at the sale under the first mortgage was sold under execution, an action by the purchaser at the sale under the second mortgage, against the purchaser at the execution sale, the purchaser at the sale under the first mortgage, and the first mortgagee, alleging that the first mortgage debt was paid, or nearly so, at the time of the sale under that mortgage, and asking judgment, 1st. For the possession of the land if the debt had been paid, and if not ; 2d. For an account of the amount due on the first mortgage, and for the payment to him of the excess of the purchase money after paying the debt ; *It was held*, that the complaint was not multifarious, and a demurrer for misjoinder of causes of action would be overruled.

(*Bledsoe* v. *Monroe*, 5 Ired. Eq., 313 ; *Parish* v. *Sloan*, 3 Ired. Eq., 607 ; *Watson* v. *Cox*, 1 Ired. Eq., 389 ; *Young* v. *Young*, 81 N. C., 91, cited and approved).

This was a CIVIL ACTION, tried before *Clark, Judge,* at the January Term, 1886, of the Superior Court of GRANVILLE county, and brought to this Court by the appeal of the defendants, other than the defendant The People's Building and Loan Association, which did not appeal.

The action was brought to recover the possession of the land described in the complaint, from the defendants Hill and Watkins, in one aspect of the case, and in the other, the recovery from the People's Building and Loan Association of the surplus of the proceeds of the sale of the same land, after satisfying a debt due them, and secured by a mortgage upon the said land. The facts of the case are fully stated in the opinion of the Court. The defendants demurred to the complaint, and assigned as grounds of demurrer, that there are united in the complaint separate and distinct causes of action against the People's Building and Loan Association and the other defendants, which have no connection with each other, and because these causes of action, as alleged, are respectively founded upon allegations that are so contradictory, that they are destructive the one of the other, and for these reasons the complaint is multifarious, and the action should be dismissed.

The demurrer was overruled by the Court, and the defendants appealed.

*Mr. A. W. Graham*, for the plaintiff.
*Mr. H. T. Watkins*, for the defendants.

ASHE, J. (after stating the facts). The grounds assigned for the demurrer, present the sole question for our consideration: "Whether the complaint is obnoxious to the objection of multifariousness."

A bill is multifarious, as the term is generally understood, when there is a misjoinder of distinct and independent causes of action. Adams Equity, p. 309, note 1.

Whether a complaint is multifarious, usually resolves itself into the question, whether the causes of action united, are such that they may be joined in the same action. The Code, §267, Sub. Div. 1, provides, "that causes of action may be joined when they arise out of the same transaction, or transactions connected with the same subject of action."

This section of The Code, we do not think, makes any substantial change in the rules of practice which obtained before the adoption of The Code in the Courts of Equity with regard to multifariousness.

Whatever effect it may have had, has been to enlarge the right of uniting in one action different causes of action.

The rule in such a case as existing prior to The Code, was thus announced by RUFFIN, C. J., in *Bledsoe* v. *Monroe*, 5 Ired. Eq., 313: "If the grounds of the bill be not entirely distinct and wholly unconnected; if they arise out of one and the *same transaction*, or series of transactions, forming one course of dealing, and all tending to one end—if one unconnected story can be told of the whole, the objection cannot apply." And it has been held not to apply: "When there has been a general right in the plaintiff, covering the whole case, although the rights of the defendants may have been distinct." *Whaly* v. *Dawson*, 2 Sch.

20

and Lef., 370, and *Dimmock* v. *Nixby*, 20 Pick., 368. Nor will it apply, when one general right is claimed by the plaintiff, though the individuals made defendants have separate and distinct rights, and in such a case, they may be all charged in the same bill, and a demurrer for that cause will not be sustained. *Parish* v. *Sloan*, 3 Ired. Eq., 607; and to the same effect is *Watson* v. *Cox*, 1 Ired. Eq., 389; and in *Obin* v. *Platt*, 3 How. (U. S.), 411, it is held, that: "When the interests of different parties are so complicated in different transactions, that entire justice could not be conveniently done without uniting the whole, the bill is not multifarious." And in Alabama it has been held, that the objection of multifariousness is confined to cases where the cause of action against each defendant is entirely distinct and separate in its subject matter from that of his co-defendants. *Kennedy* v. *Kennedy*, 2 Ala., 571.

We have referred to these cases as authorities upon the question under consideration, for the reason that in the case of *Young* v. *Young*, 81 N. C., 91, this Court held, in view of the conflicting and unsatisfactory interpretations given to the section in question by the different Courts and text writers, it was a safe guide to resort to the principles and rules adopted and used by the former Courts of Equity, especially as The Code practice has been assimilated in a great measure to that of the Courts of Equity.

But in addition to these authorities, we refer to what Mr. Bliss, in his work on Code Pleading, §110, has laid down as the rule of practice in such cases. Speaking of the improper union of defendants under this section of The Code, he says: "When several persons, although unconnected with each other, are made defendants, a demurrer will not lie if they have a common interest centering in the point in issue in the cause." And in §126, treating of the joinder of distinct causes, he says: "Not only under this class may all causes of action be united in one proceeding, that arises out of the same transaction, but also those that arise from different transactions, provided they are connected with the same subject of the action."

Now applying the principles announced by these authorities to the facts of this case, the question recurs, is the complaint multifarious? The facts are, C. C. Heggie became indebted in about one thousand dollars to the defendant, the People's Building and Loan Association, and gave them a mortgage on the land in question, in the year 1873, to secure the debt, and subsequently, in 1874, the said C. C. Heggie gave a second mortgage on the same land, to John W. Hays, trustee, to secure a debt of five hundred dollars which he owed to Finch and Harris, and in February thereafter, Hays foreclosed the second mortgage by a sale of the land, and the plaintiff became the purchaser, at the price of $625.00, and obtained a deed from the trustee in fee simple.

On the 5th of July, 1875, the People's Building and Loan Association foreclosed its first mortgage by sale of the land, when the defendant N. M. Wilson became the purchaser, at the price of $1,066, and afterwards, to-wit, on the 4th day of August, 1879, the land was sold by the Sheriff, under an execution in favor of the defendants Hill and Watkins, against said Wilson, and purchased by the said C. C. Hill and Charles Watkins. And that on the 4th day of August, 1879, the said Wilson, Hill, and Watkins knew of the equity of the plaintiff.

The plaintiff alleged in the complaint, that he had been informed and believed that the indebtedness of Heggie to the Peoples' Building and Loan Association had been discharged, but if not, there was only $177.57 due to the Association.

This balance, we must assume, was claimed by the Association, as the plaintiff had alleged that he was informed and believed that the entire debt had been paid.

The plaintiff, as he alleged, was the owner of the equity of redemption, and entitled to the surplus, if any, after satisfying the debt secured by the first mortgage, provided there was any part of the debt secured by that mortgage remaining due at the time of the sale, but if the mortgage had been satisfied before the sale, the sale was void, and the purchasers, Wilson and Hill and Watkins,

got no title to the land; and if they obtained no title, by reason of the nullity of the sale, the incumbrance of the first mortgage having been put out of the way, the plaintiff obtained a good and perfect title to the land, by his purchase, under the second mortgage, and would be entitled to recover the possession from the defendants Hill and Watkins.

The plaintiff's action is in the nature of a bill in equity with a double aspect.

He says if the first mortgage was satisfied before the sale to Wilson, he is entitled to the land, but if not satisfied, he is entitled to recover the surplus, if any, after paying the debt secured by the first mortgage.

In this view of the case, it would seem to involve the necessity of an account, as prayed for, of the payments made by Heggie, the mortgagor, to the People's Building and Loan Association, in the result of which the other defendants are quite as much interested as the Association, for their title depends upon the fact that the mortgage under which they purchased was unsatisfied at the time of the sale. All of the transactions of the different defendants, tend to and center upon the one question, whether the first mortgage was satisfied when the sale was had under it. This being so, upon all the authorities cited, whether existing before or since The Code, warrants the joinder of the causes in this complaint. What is the subject of an action, is more easily described than defined. Judge Bliss thus illustrates it: He says, in §126, "In an action to recover the possession of land, the right is to the possession, the wrong is the dispossession; the object is to obtain possession, and the *subject*, or that in regard to which the action is brought, is the land." Here the plaintiff's interest in the land is the subject of the action, and although the purchase by the plaintiff under one mortgage, and that by Wilson, Hill and Watkins under the other, are distinct transactions, they are transactions connected with the same subject of the action.

The right asserted by the plaintiff covers the whole case, and upon the authorities we have cited, it can make no difference that the rights of the defendants are distinct. But they are not so distinct but that the liabilities of some of the defendants are dependent upon the liabilities of the others, and this necessarily requires an account to be taken to determine their respective rights and liabilities. This, it seems to us, settles the question of misjoinder; and our conclusion is, the complaint is not multifarious, and the judgment of the Superior Court is consequently affirmed, and the cause remanded to the Superior Court of Granville county, that the defendant may answer the complaint, if he should be so advised.

No error. Affirmed.