E. HOFFMAN & SON v. SAMUEL KRAMER & SON.

(Decided December 20, 1898 )

*Principal—Agent—Creditor—Counter-claim.*

A principal who consigns goods to an agent for sale is entitled to the proceeds of sale, and if the agent transfers the goods to his creditor in payment of his debt, the principal is still entitled to the goods or their value, and this whether the creditor knew of the real ownership or not.

CIVIL ACTION before *Adams, J.*, at October Term, 1897, of DURHAM Superior Court, upon three promissory notes, dated January 14, 1896, for $242 each, payable six, seven and eight months after date to the order of M. Lindheim, executed by the defendants, and endorsed by the payee to the plaintiffs, before maturity and for value, and protested for non-payment.

The answer denies the ownership of the notes by the plaintiff and also alleged by way of counter-claim that the plaintiff had appropriated to their own use five bales of Havana tobacco well worth $876.84, and also a broken package of Domestic tobacco well worth $225, belonging to the defendants.

The reply controverted the allegations regarding the counter-claim.

In respect to the broken package of domestic tobacco and the counter-claim in regard to it, there was evidence that before the maturity of the notes the defend-

ants had consigned to Lindheim at New York a whole package and also a broken package of domestic tobacco to be sold by him on their account; that he had sold and accounted for the whole package; that Lindheim being largely indebted to the plaintiffs, over and above the notes in suit, upon which he was endorser, assigned to plaintiffs his accounts and stock in store, No. 191 Pearl street, New York, as collateral securities, to be converted into cash and applied in liquidation of his indebtedness to plaintiffs and that among this stock was the broken package of domestic tobacco. ·In reference to this counter-claim his Honor charged:

The burden is upon the defendant to prove· by a preponderance of the evidence that the broken package of tobacco came into the possession of the plaintiffs and without consideration: and .if the jury believe that the plaintiff took the broken package of tobacco without consideration, then the defendants would be entitled to recover its value; but if the jury believe that the defendant put the broken package of tobacco in the possession of the said Lindheim for sale and to account to him for its proceeds, and Lindheim transferred said tobacco to plaintiffs for a valuable consideration, and the plaintiffs had no knowledge or notice that said tobacco was held by Lindheim as agent for the defendant, then defendant cannot recover of the plaintiff its value, nor set off the same as a counter-claim against its notes, but must look to Lindheim for its value.

Defendants excepted.

The jury rejected the counter-claim, and judgment was rendered in favor of plaintiffs on the notes.

There was much evidence upon other points of the case, and many exceptions to the evidence and to the charge of the Court taken by the defendant, which

need not be stated, owing to the view taken by this Court of this particular point, presented by the exception and appeal by defendant.

*Messrs. Winston & Fuller*, for defendants (appellants).
*Messrs. Manning & Foushee*, for plaintiffs.

MONTGOMERY, J.: The defendants executed and delivered to M. Lindheim, a dealer in tobacco in New York City, three promissory notes of $242 each, payable at Durham, N. C., the purchase money for five packages of Havana tobacco to be delivered to the defendants upon their call. In the complaint it is alleged that Lindheim sold to the plaintiffs the notes before maturity and for value.

This action is for the recovery of the amount due on the notes. The defendants set up among other defences two counter-claims—one for the value of a broken package of tobacco belonging to the defendants and averred to have been wrongfully converted by the plaintiffs, and the other for the value of the tobacco constituting the consideration of the notes sued upon and averred to have been wrongfully converted by the plaintiffs.

We will consider the exceptions to the rulings of his Honor in connection with the first counter-claim. It appeared from the testimony of both Lindheim and the defendants that after the execution of the notes, the defendants consigned to Lindheim, at New York, a package and also a broken package of domestic tobacco to be sold by him, the proceeds of which sale to be accounted for to them. Lindheim sold the whole package and accounted therefor to the defendants. Lindheim and the plaintiff testified that Lindheim, before

either of the notes fell due, conveyed to the plaintiffs all of his stock and accounts as collateral security for what he might owe them.    Under that conveyance or assignment, Lindheim testified that the plaintiffs took possession of the broken package of tobacco.    The plaintiffs denied that statement of Lindheim.    Upon that evidence his Honor instructed the jury as follows:    "The burden is upon defendant to prove by a preponderance of evidence that the broken package of tobacco came into the possession of the plaintiffs and without consideration, and if the jury believe that the plaintiffs took the broken package without consideration. then the defendants would be entitled to recover its value; but if the jury believe that the defendants put the broken package in the possession of Lindheim for sale, and to account to them for its proceeds, and Lindheim transferred the said tobacco to plaintiffs for a valuable consideration and plaintiffs had no knowledge or notice that said tobacco was held by Lindheim as agent of defendants, then the defendants cannot recover of plaintiffs its value or set off the same as a counter-claim against the notes, but must look to Lindheim for its value." There was error in that instruction.    His Honor had already told the jury, in defining what is meant by a valuable consideration, that upon the sale by Lindheim of the notes and their purchase by the plaintiffs that an existing indebtedness of Lindheim to the plaintiffs was a valuable consideration, and that the title to the notes passed for that consideration; and the jury of course understood his Honor to mean from his former definition of what a valuable consideration in law was, that the transfer of the broken package of tobacco to the plaintiffs by Lindheim, for a debt which he owed the plaintiffs, was a valuable consideration and supported

the transfer of the tobacco for that purpose against the rights of the defendants as consignors.

But a principal who consigns goods to an agent or factor to be sold, has a right to expect the proceeds of the sale to be returned to him. Where a factor sells the goods of his principal, he must keep that sale, so far as his principal is concerned, unconnected with his private affairs and not mix it up with his own interests to the injury of his principal. *Guerreiro* v. *Peile,* 5 E. C. R., 399. The same principle is announced in *Warner* v. *Martin,* 52 U. S., 209, where it is said, "it has been supposed that the right of a factor to sell the merchandise of his principal to his own creditor, in payment of an antecedent debt, finds its sanction in the fact of the creditor's belief that his debtor is the owner of the merchandise and his ignorance that it belongs to another; and if in the last, he has been deceived, that the person by whom the delinquent factor has been trusted shall be the loser. The principal does not cover the case. Where a contract is proposed between factors or between a factor and any other creditor to pass property for an antecedent debt, it is not a sale in the legal sense of that word, or in any sense in which it is used in reference to the commission which a factor has to sell. . . . When such a transfer of property is made by a factor for his debt, it is a departure from the usage of trade known as well by the creditor as it is by the factor. It is more; it is the violation of all that a factor contracts to do with the property of his principal. . . . It does not matter that the creditor may not know, when he takes the property, that the factor's principal owns it; that he believes it to be the factor's in good faith." To the same effect are numerous authorities cited in the American & English Enc. of Law, Vol. 1, page 1174.

The same principle of law will apply with equal force where the factor conveys the property of his principal to his own creditor by way of mortgage or pledge to secure a debt of his own.  *Warner* v. *Martin, supra.*

From what has been said by the Court, it is unnecessary to consider the other exceptions of the defendants. There must be a new trial, and the Court is not disposed in this case to make that new trial a partial one.

New trial.