CHARLES R. HOWELL v. EUGENE FULLER and SOUTHERN RAILWAY COMPANY.

(Filed 18 November, 1909.)

**1. Parties Defendant—Joinder—Same Cause of Action.**

Causes of action for "injuries with or without force to persons and property, or to either," may be joined (Revisal, sec. 469), and different causes of action for such injuries may be joined against one or more defendants, provided that each of such causes affects all the parties defendant.

**2. Same—Master and Servant—Foreman—Medical Treatment.**

In an action for damages for personal injury received by the plaintiff while at work within the scope of his employment for defendant corporation under the co-defendant, F., its foreman,

the complaint alleged that defendants failed to provide sufficient helpers for the work required of him; that he was required by defendants to do this work in a dark, dangerous, unsafe and unlighted place; that the injury was caused by certain specified negligent acts of both defendants; that the injury was made permanent by the careless medical treatment given by defendant F., who was not a physician, with medicines furnished by the corporation, his co-defendant, to be administered or applied by him to employees with like injuries. *Held*, that while the responsibility of defendant F., for the first occurrences is not alleged with the precision and fullness desirable, by fair intendment, both as to the original occurrence and the subsequent treatment, a joint wrong on the part of both defendants is sufficiently alleged under our statute, Revisal, sec. 469.

APPEAL from *Long, J.*, August Term, 1909, of ROWAN.

Cause heard on demurrers to complaint. There was judgment overruling the demurrers, and defendants excepted and appealed. The facts are stated in the opinion of the Court.

*Clement & Clement* and *R. Lee Wright* for plaintiff.
*Linn & Linn* for defendants.

HOKE, J. The complaint alleges, in effect, that at the time of the injury plaintiff was an employee of defendant company, doing work as foreman of a stripping gang in said company's repair shops at Spencer, N. C., and in such occupation and employment was under the control and direction of defendant Eugene Fuller, who was foreman of the erecting shops of the defendant company, and, in respect to the occurrence stated in the complaint, represented and stood for the company in its relation to plaintiff; that, while so employed, plaintiff was required to do the work in which he was engaged without sufficient help, and that there was danger in doing said work, by reason of the lack of sufficient help, and that plaintiff had often demanded of defendants that they furnish additional and sufficient help to do the work, and they had failed and refused to comply with such request, though they well knew that such help was necessary to the proper discharge of plaintiff's duties. Allegation is further made that, owing to insufficient lights in the room where the work was to be done, it was impossible for the employees engaged in the work to see the signals required and necessary to its proper performance; that on 28 November, 1908, while plaintiff, in the line of his duty, was engaged in lowering an engine onto its trucks, and by reason of the lack of sufficient and adequate help, and by reason of the lack of sufficient light, plaintiff was struck in his right eye by an infectious piece of iron, causing a serious injury to same, and as a result of

which the sight of one eye was destroyed. A detailed description of the occurrence is further set forth, showing in what manner the alleged lack of adequate help and sufficient light directly brought about plaintiff's injury. The complaint further alleges that plaintiff reported his injuries to defendant's *alter ego,* Eugene Fuller, one of the defendants in this action. The said Eugene Fuller, acting in the capacity of a medical expert and adviser of the defendant Southern Railway Company, did undertake, by and with the consent of the Southern Railway Company, to administer to plaintiff's wants and treat said eye. The said Eugene Fuller did then and there act negligently and carelessly in treating said eye, and, without being a licensed physician, did put into plaintiff's eye some concoction furnished and prepared by the defendant Southern Railway Company for the treatment of such employees as should be likewise injured; that plaintiff is advised and believes that the defendant Southern Railway Company kept the defendant Eugene Fuller in its employment with full knowledge of the fact that he was incompetent, reckless and a careless foreman of the erecting shop, and a non-expert in the treatment of diseases, especially injuries to the eye; but, nevertheless, said defendant procured and obtained for said defendant Fuller compounds to be used by him on its employees in various and sundry methods when they became in anywise injured; that plaintiff, by reason of the following acts of negligence, was permanently injured and has lost the sight of his eye:

1. By reason of the defendants failing to provide said plaintiff with sufficient helpers to do the work required of him as foreman of the stripping gang.

2. By reason of requiring and demanding the plaintiff to work in a dark, dangerous and unsafe and unlighted place.

3. By reason of negligent and careless handling of the crane when operating, thereby causing the same to jerk the chains out of the plaintiff's hands, causing said chain to strike the boiler of said engine and throw a piece of infectious iron into plaintiff's eye, thereby permanently injuring the same.

4. By the negligent and careless treatment of plaintiff's eye by the defendants Eugene Fuller and Southern Railway Company, thereby permanently injuring and disabling plaintiff, to his damage in the sum of $5,500 dollars.

Wherefore plaintiff demands judgment against defendants in the sum of $5,500, for costs and such other and further relief as plaintiff may be entitled to.

While the responsibility of defendant Fuller for the first occurrence is not alleged with the precision and fullness that is

desirable, the meaning, by fair intendment, appears to be as stated; and the complaint, both as to the original occurrence and the subsequent treatment, alleges a joint wrong on the part of defendants, and, under our statute and many authoritative decisions, presents a cause or causes of action where said defendants may be properly joined in an action by plaintiff seeking redress. Revisal 1905, sec. 469; *Hough v. Railroad,* 144 N. C., 692; *Oyster v. Mining Co.,* 140 N. C., p. 135; *Tate v. Bates,* 118 N. C., p. 287; *Benbow v. Collins,* 118 N. C., p. 196; *King v. Farmer,* 88 N. C., p. 22; *Hamlin v. Tucker,* 72 N. C., p. 502; *Land Co. v. Beatty,* 69 N. C., p. 329; *Railroad v. Dixon,* 179 U. S., p. 131.

Our statute (*supra,* sec. 469, subdiv. 3) permits the joinder of causes of action for "injuries with or without force to person and property, or to either," and the three last North Carolina decisions (*King v. Farmer, Hamlin v. Tucker* and *Land Co. v. Beatty*), construing this section, hold that different causes of action for such injuries may be joined against one or more defendants, provided that each of such causes affects all of the parties defendant, and *Gattis v. Kilgo,* 125 N. C., p. 133, and *Logan v. Wallis,* 76 N. C., p. 416, are to like effect.

Under these decisions, therefore, whether the complaint be considered as containing one or more causes of action, the wrongs being alleged as joint wrongs, both defendants are affected in each, and the joinder was proper, both as to causes of action and the parties. There was no error in the judgment overruling the demurrer, and the same is

Affirmed.