VIRGINIA-CAROLINA CHEMICAL COMPANY v. O. I. FLOYD
ET AL.

(Filed 3 April, 1912.)

1. Contracts—Vendor and Vendee—Retaining Title—Misappropriation of Funds.

By a contract for the sale of fertilizer which generally provides that the fertilizer, with notes, liens, bills of sale, etc., arising from sales, etc., thereof, shall be kept separate for the use and benefit of the vendor, subject to his order, the fertilizer, etc., remain the property of the vendor, converting his vendee into a trustee of the notes, etc., taken for its sale to others, who holds them for the benefit of the owner of the fertilizer, together with money derived from the sales, or collections on the notes given therefor.

2. Same—Corporations—Officers—Principal and Agent—Parties.

When a corporation has entered into a contract for the sale of fertilizers under which the proceeds of sales, moneys collected on notes, etc., are to be the property of the one furnishing the fertilizer, an action against certain of its officers brought by the owner of the fertilizers and notes, alleging in the complaint that the defendants, with knowledge of the facts, misapplied and

misappropriated the moneys derived from the sales or collections on notes given therefor, sets forth a good cause of action and is not demurrable; and when alleging a joint wrong, it is not a misjoinder of parties.

3. Same—Bankruptcy—Trustees.

Where a complaint alleges for its cause of action that certain officers of a corporation knowingly misapplied and misappropriated funds belonging to the plaintiff in their management of the· corporation, without alleging that the defendants converted the money to their own use, the inference is that the corporation received the benefit of the funds alleged to have been misappropriated, and therefore the corporation is not a necessary party defendant, nor its trustee in bankruptcy, and a demurrer upon these grounds will not be sustained.

4. Same—Independent Liability.

The fact that a debtor corporation is in bankruptcy does not prevent a creditor from suing certain of its officers for misapplication and misappropriation of the plaintiff's money for the benefit of the corporation; as the bankrupt courts have only the administration of the bankrupt's assets in charge, not that of the plaintiff, and the liability of the officers is independent thereof.

5. Pleadings—Parties—Misjoinder—Joint Cause—Debtor and Creditor.

A complaint is not objectionable for a misjoinder of parties which alleges a joint wrong as to two of the defendants in misapplying and misappropriating the moneys of the plaintiff, and seeks to set aside a deed made by one of them to his wife with the intent of delaying and defrauding his creditors, inclusive of the plaintiff's demand.

APPEAL from *Carter, J.*, at Fall Term, 1911, of ROBESON.

The plaintiff is the Virginia-Carolina Chemical Company, and the defendants are O. I. Floyd, A. N. Mitchell and wife, Elizabeth A. Mitchell.

The complaint filed by the plaintiff is as follows:

First. That it is a corporation duly organized and existing under and by virtue of the laws of the State of New Jersey, and having offices in the city of Richmond, in the State of Virginia, and the city of Durham, State of North Carolina.

Second. That Floyd Bros. & Mitchell, Inc., was at the time hereinafter referred to, and is now a corporation existing under and by virtue of the laws of the State of North Carolina, and having its principal place of business in the town of Fairmont, in the county of Robeson and State aforesaid; that the defendant O. I. Floyd was the secretary and treasurer of said corporation, and the defendant A. N. Mitchell was the president of said corporation, and these two defendants were largely in control of the business of Floyd Bros. & Mitchell, Inc.

Third. That on 15 January, 1908, the said Floyd Bros. & Mitchell, Inc., entered into a contract with the plaintiff company, wherein and whereby it undertook to act as selling agent for commercial fertilizers of the plaintiff company under and by virtue of contract, a copy of which is hereto attached; and in pursuance of and according to the terms of said contract the plaintiff shipped to the said Floyd Bros. & Mitchell, Inc., during the year 1908, commercial fertilizers under said contract of the value of $7,252.56, the purchase price, and the said Floyd Bros. & Mitchell, Inc., sold on behalf of the plaintiff, for cash and on credit, a large portion of the said fertilizers, and paid over to the plaintiff on such account the sum of $3,850.30. The sixth paragraph of said contract is as follows: "(6) That until sold or settled for by the customer, the fertilizer contracted for under this agreement shall remain the property of the company, and when sold, all the proceeds of the sale of such fertilizer, including cash, notes, liens, bills of sale, open accounts and collections therefrom, whenever in possession, shall be kept separate and be held by the customer for the use and benefit of the company and subject to its order, and the same, together with any unsold fertilizer taken under this agreement, shall be the property of the company until the entire indebtedness of the customer arising under this agreement has been paid."

Fourth. That on.....March, 1909, upon petition of certain creditors, said Floyd Bros. & Mitchell, Inc., was adjudicated an involuntary bankrupt, and plaintiff is informed, believes, and alleges that the assets upon distribution will not be sufficient to pay more than a small per cent of claims proven against the said bankrupt company.

Fifth. That plaintiff is informed, believes, and alleges that a certain amount of money, for which the bankrupt sold the goods of the plaintiff, was collected by it, amounting to the sum of $872.61, and that the defendants, O. I. Floyd and A. N. Mitchell, knew that the said sum of money was the property of this plaintiff, and that it was the duty of Floyd Bros. & Mitchell, Inc., its officers, agents, and employees, to pay over to said plaintiff said sum, and that in violation of said duty O. I. Floyd and A. N. Mitchell misappropriated and misapplied said sum of money to other purposes, in violation of the trust imposed upon each of them by said contract and thereby perpetrated a fraud on this plaintiff, wherein they became personally responsible to the plaintiff for said breach of trust, as plaintiff is informed, believes, and alleges.

Sixth. That on . . . January, 1909, the defendants, O. I. Floyd and A. N. Mitchell, in breach of the trust imposed by the said contract between Floyd Bros. & Mitchell, Inc., and this plaintiff, misapplied and misappropriated certain notes which had been taken by their company for goods of the plaintiff sold by them as agent under, said contract, as they and each of them well knew, to the amount of $760.70, and thereby committed a breach of trust and fraud upon this plaintiff, for which they and each of them are personally responsible, as plaintiff is advised.

Seventh. That the defendant Elizabeth A. Mitchell is the wife of the defendant A. N. Mitchell, and that on . . . . . . . , 1908, the defendant A. N. Mitchell was the owner of certain real estate in the county of Robeson, State aforesaid, described in the eleven certain deeds hereto attached and made a part of this complaint.

Eighth. Plaintiff is informed, believes, and alleges that the defendant A. N. Mitchell transferred to his wife, the defendant Elizabeth A. Mitchell, all of the property set out in the deeds hereinbefore referred to; and that at the time of said conveyance the defendant A. N. Mitchell was deeply indebted to various and sundry parties, and that said deeds were made voluntarily, and without reserving property sufficient to pay all of his debts, and that said deeds were made for the purpose of

hindering, delaying, and defrauding his creditors, including this plaintiff, as plaintiff is informed, believes, and alleges, and are null and void.

The defendants demurred to the complaint:

(1) For that the Superior Court had no jurisdiction, on account of the pendency of the proceeding in bankruptcy against the corporation.

(2) For that the corporation is not a party.

(3) For that the trustee in bankruptcy is not a party.

(4) For that there is a misjoinder of parties and causes of action.

(5) For that the complaint does not state a cause of action.

The demurrer was sustained, and the plaintiff excepted and appealed.

*Rountree & Carr and R. G. Grady for plaintiff.*

*McIntyre, Lawrence & Proctor and McLean, Varser & McLean for defendant.*

ALLEN, J.: The demurrer admits the allegations of the complaint, and it is well to see, in the first instance, if a cause of action is stated by the plaintiff.

If not, the action must be dismissed, and it will not be necessary to consider the other grounds of demurrer, and, on the other hand, if the complaint states a cause of action, an examination and analysis of it will aid in passing on the effect of the proceeding in bankruptcy and the necessity for the presence of the corporation or the trustee in bankruptcy as a party.

Contracts almost identical with the one alleged to have been entered into between the corporation, Floyd Bros. & Mitchell, and the plaintiff, have been considered in several decisions of our Court, and it has been held in each that the proceeds of sales of fertilizers made thereunder, whether in money or notes, are the property of the person originally furnishing the fertilizer for sale. *Chemical Co. v. Johnson,* 98 N. C., 123; *Hoffman v. Kramer,* 123 N. C., 566; *Lance v. Butler,* 135 N. C., 422.

And it is also held that such a contract makes the person with whom it is made a trustee of the notes taken from the purchasers

of fertilizer, and ·of the money derived from sales, or collected on notes, for the benefit of the original owner of the fertilizers. *Guano Co. v. Bryan,* 118 N. C., 579; *Chemical Co. v. McNair,* 139 N. C., 335.

The complaint alleges that the defendant O. I. Floyd was the secretary and treasurer of the corporation which made the contract with the plaintiff, and that the defendant A. N. Mitchell was its president, and that these two were largely in control of its business; that money was collected and notes taken under said contract, which are the property of the plaintiff, and that said defendants, knowing these facts, misapplied and misappropriated said money and notes.

The demurrer admits these allegations, and it cannot be questioned, assuming them to be true, that the defendants are liable to the plaintiff, if, as officers of the corporation, they, with knowledge, received property belonging to the plaintiff, and which they held in trust for it, and misappropriated it; and as the complaint alleges a joint wrong, it is not a misjoinder to sue both defendants in the same action. *Howell v. Fuller,* 151 N. C., 317.

Note that the cause of action is for misappropriation of property belonging to the plaintiff, and not of property of the corporation, Floyd Bros. & Mitchell, and in this is the distinction between the cases relied on by the defendants and this.

In *Coble v. Beall,* 130 N. C., 533, a stockholder sued the directors of a bank for fraudulent and wrongful mismanagement *of the property of the bank,* and in *Latta v. Electric Co.,* 146 N. C., 309, the action was for the *fraudulent disposition of property of the corporation* by its officers; and it was held in each that the action should have been brought by a receiver, if one had been appointed, and if not, by the corporation, and the citations from Loveland on Bankruptcy, secs. 23 and 158, are to the same effect.

Thompson on Cor., vol. 3, sec. 4132, marks the line between the two classes of cases: "The grounds on which the directors of corporations may make themselves liable to *strangers* have been already indicated. They stand toward the outsider in the same relation in which any other agents stand toward the gen-

eral public. For a breach of duty to their principal, redress can only be had by that principal, the corporation, or by the shareholders, if the corporation refuses to sue, as elsewhere pointed out. But for any breach of duty toward a stranger to the company, such stranger may have redress against them, either at law or in equity, according to the nature of the injury; and it will be no defense that their principal is also liable."

It appears, therefore, that the cause of action is against Floyd and Mitchell for misappropriating property which they knew belonged to the plaintiff. The complaint does not allege that the defendants converted the property to their own use, and the only other reasonable inference is that they used it for the benefit of their corporation.

If so, neither the corporation nor the receiver could sue them, as the corporation had received and used the property, and if they converted the property to their own use, their liability to the plaintiff would be primary, and payment by them would exonerate the corporation.

We are, therefore, of opinion that neither the corporation nor the trustee is a necessary party, and that the pendency of the proceeding in bankruptcy does not prevent the prosecution of this action, as in that proceeding the assets of the insolvent corporation are to be administered, and not the property of the plaintiff.

The question remaining to be considered is that of misjoinder of parties and causes of action, which is not free from difficulty, but we think the authorities authorize the prosecution of the action as now constituted.

The cause of action is the recovery of the value of the property misappropriated, and one of the remedies sought to be enforced is the setting aside of certain deeds alleged to have been executed fraudulently by one of the defendants.

It has been held proper to join a cause of action on a note, a cause of action to set aside a deed made by a bank, and one against the stockholders to hold them personally liable (*Glenn v. Bank,* 72 N. C., 626); to join a cause of action against a sheriff, Wyatt, to compel the execution of a deed, with one against Edwards, who was in possession, to recover the land

(*McMillan v. Edwards,* 75 N. C., 82) ; to join a cause of action to have one defendant declared a trustee of land with another against other defendants to recover judgment on a money demand, and with still another for possession of the land (*Young v. Young,* 81 N. C., 91) ; to join a cause of action on a note with a cause of action against three defendants, to each one of whom it was alleged the debtor had executed a fraudulent deed (*Bank v. Harris,* 84 N. C., 206) ; and these cases are cited and approved in *Outland v. Outland,* 113 N. C., 75 ; see, also, *Benton v. Collins,* 118 N. C., 196 ; *Fisher v. Trust Co.,* 138 N. C., 224.

The language used by *Justice Ashe* in *Heggie v. Hill,* 95 N. C., 306, in discussing misjoinder of parties and causes of action is apposite to the facts presented here. He says : "The rule in such a case as existing prior to The Code was thus announced by *Ruffin, C. J.,* in *Bedsole v. Monroe,* 40 N. C., 313 : 'If the grounds of the bill be not entirely distinct and wholly unconnected ; if they arise out of one and the *same transaction,* or series of transactions, forming one course of dealing, and all tending to one end—if one unconnected story can be told of the whole, the objection cannot apply.' And it has been held not to apply, 'when there has been a general right in the plaintiff, covering the whole case, although the rights of the defendants may have been distinct.' *Whaly v. Dawson,* 2 Sch. and Lef., 370, and *Dimmock v. Nixby,* 20 Pick., 368. Nor will it apply when one general right is claimed by the plaintiff, though the individuals made defendants have separate and distinct rights ; and in such a case they may all be charged in the same bill, and a demurrer for that cause will not be sustained. *Parish v. Sloan,* 38 N. C., 607. And to the same effect is *Watson v. Cox,* 36 N. C., 389 ; and in *Obin v. Platt,* 3 How. (U. S.), 411, it is held that, 'When the interests of different parties are so complicated in different transactions that entire justice could not be conveniently done without uniting the whole, the bill is not multifarious.' And in Alabama it has been held that the objection of multifariousness is confined to cases where the cause of action against each defendant is entirely distinct and separate in its subject-matter from that of his codefendants. *Kennedy v. Kennedy,* 2 Ala., 571. . . . But in addition to these

authorities, we refer to what Mr. Bliss, in his work on Code Pleading, sec. 110, has laid down as the rule of practice in such cases. Speaking of the improper union of defendants under this section of the The Code, he says: 'When several persons, although unconnected with each other, are made defendants, a demurrer will not lie if they have a common interest centering in the point in issue in the cause.' "

The same principle as to multifariousness is thus stated by the Supreme Court of Massachusetts, in *Long v. Prescott,* 144 Mass., 505: "The plaintiff has a demand growing out of an assignment by which every defendant was affected, and their various interests are so blended that it would be impossible to separate the investigation of them with convenience. It is not indispensable that all the parties should have an interest in all the matters contained in the suit; it is sufficient if each party has an interest in some matters in the suit, and that they are connected with the others. Even if one is a necessary party to some portion only of the case, the bill is not therefore necessarily multifarious."

Being, therefore, of opinion that the complaint states a cause of action of which the court has jurisdiction, and that neither the corporation nor the trustee in bankruptcy is a necessary party, and that there is no misjoinder, we must hold that the demurrer ought to have been overruled.

Reversed.