Mrs. MOSES H. CONE v. UNITED FRUIT GROWERS' ASSOCIATION, C. C. SMOOT, No. 3, Dr. M. L. TOWNSEND, ET AL.

(Filed 24 May, 1916.)

1. **Vendor and Purchaser—Sales on Commission—Misappropriation of Funds —Corporations—Officers—Parties—Actions, Joint and Several.**

   When goods are consigned to a corporation to be sold and properly accounted for, the proceeds are regarded as a trust fund and may be recovered by appropriate action, not only as to the corporation appropriating the same, but as to the officers thereof knowingly participating in the wrong; and in case of liability the action can be maintained against the parties jointly or severally.

2. **Evidence—Nonsuit.**

   The rule being that upon defendant's motion to nonsuit the evidence will be regarded in the light most favorable to the plaintiff, where there is sufficient evidence, though conflicting, to sustain his contention the motion will be denied without considering the evidence of the defendant in his own favor.

CIVIL ACTION tried before *Shaw, J.,* and a jury, at January Term, 1916, of WILKES.

The action was to recover for misappropriation of moneys, proceeds of sale of an amount of apples assigned by plaintiff to defendant corporation, to be sold and proceeds properly accounted for, etc., and in which the president of the company, the general manager and treasurer, and three directors were joined as individual defendants and charged with being participants in the alleged wrong.

At the close of the evidence, on motion made in apt time, there was judgment of nonsuit as to the individual defendants, whereupon plaintiff submitted to a nonsuit as to corporation defendant and appealed.

*James H. Pou and Hackett & Rousseau for plaintiff.*
*Hayes & Jones for defendant.*

HOKE, J., after stating the case:  It is held in this State that when goods are consigned to a factor or commission merchant to be sold and properly accounted for, the proceeds may be regarded as a trust fund, to be pursued and recovered by appropriate action.  Such cases, *Lance v. Butler*, 135 N. C., 419; *Hoffman v. Kramer*, 123 N. C., 566.  The position extends to consignments of this character to corporations; and, in application of the principle, it is further held that when the proceeds of such a sale have been intentionally misapplied, the officers in control of the fund who have knowingly participated in the wrong may be held individually liable.  *Chemical Co. v. Floyd*, 158 N. C., 455; *Lance v. Butler, supra; Alpha Mills v. Watertown Engine Co.*, 116 N. C., 797; *Mealor v. Kimble*, 6 N. C., 272; *Freeman v. Cook*, 41 N. C., 373; *Bennet v. Preston*, 17 Ind., 291; *Dollar v. Lockney Supply Co.*, 164 S. W. (Tex.), 1076; 28 A. and E. Enc., pp. 1063-64-65.  And in case of liability an action can be maintained against the parties either jointly or severally.  *Solomon v. Bates*, 118 N. C., 311, 321.

In the well considered case of *Chemical Co. v. Floyd, supra, Associate Justice Allen* delivering the opinion, the general principle to which we have adverted is stated as follows:  "By a contract for the sale of fertilizer, which generally provides that the fertilizer, with notes, liens, bills of sale, etc., arising from sales, etc., thereof, shall be kept separate for the use and benefit of the vendor, subject to his order, the fertilizer, etc., to remain the property of the vendor, converting his vendee into a trustee of the notes, etc., taken for its sale to others, who holds them for the benefit of the owner of the fertilizer, together with money derived from the sales, or collections on the notes given therefor.  When a corporation has entered into a contract for the sale of fertilizers under which the proceeds of sales, moneys collected on notes, etc., are to be the property of one furnishing the fertilizer, an action against certain of its officers brought by the owner of the fertilizer and notes, alleging in the complaint that the defendants, with knowledge of the facts, misapplied

and misappropriated the moneys derived from the sales or collections on notes given therefor, sets forth a good cause of action, and is not demurrable; and when alleging a joint wrong it is not a misjoinder of parties." And in *Dollar v. Lockney, supra,* it is held, among other things: "That corporate directors or trustees who commingle money collected for another with the corporate funds, contrary to the instructions of the owner, or knowingly permit their employees to do so, resulting in the loss of such funds, are personally liable therefor; and, second, corporate directors who knowingly appropriated to the use of the corporation the proceeds of cotton held by the corporation and belonging to another, or knowingly permitted the corporation to do so, are *jointly* and *severally* liable to the corporation therefor."

In view of these principles, and considering the record under the rule universally acted on, that when a nonsuit is ordered the evidence which makes in favor of plaintiff's claim shall be taken as true and construed in the light most favorable to him, we are of opinion that there was error in the order of nonsuit as to the president and as to the general manager and treasurer of the corporation, to wit, C. C. Smoot III and Dr. M. L. Townsend.

As the case goes back for a new trial, we do not consider it desirable to dwell at length on the testimony in support of plaintiff's cause of action, but we have carefully examined the record and are of opinion that there are facts in evidence permitting the inference that defendant corporation, having received of plaintiff a consignment of apples for sale on account, disposed of same and received therefor money to the amount of $732.91 over and above reasonable costs and charges, and have remitted to plaintiff only about $300 or $350, and without right to do so have applied the remainder of these proceeds to the purposes and expenses of the corporation and the conduct of its business; that this misappropriation was done with the knowledge and under the direction of the president and the then treasurer and general manager, who, at the time, had active part in and control of the corporate business; and if these facts are accepted by the jury, under the principles heretofore stated, these defendants would be individually liable for the misappropriation.

True, there are also facts in evidence that these officers had the right to dispose of the funds as they did, and that it was in pursuance of the contract with plaintiff and in duly authorized furtherance of her interest; but this is testimony coming from defendants and may not be considered on the case as now presented.

We are unable to see any testimony in the record tending to show that the other directors named in the summons had any knowledge of the alleged misappropriation of this money or any fair opportunity to discover it, and, as now advised, the order of nonsuit as to them is con-

firmed; but as to C. C. Smoot, the president, and the former treasurer and general manager, Dr. Townsend, there was error.

The order of nonsuit as to them and the defendant corporation will be set aside. This will be certified, that the cause as to these three defendants may further be proceeded with.

Reversed.