Ruffin, C. J.
 

 The Court is of opinion, that the demurrer was properly over-ruled. It seems from the books, that multifariousness consists in joining in one bill two or more distinct grounds of suit against the same or different persons. It exists, then, where there is a misjoinder of
 
 *316
 
 persons or a misjoinder of the subjects of litigation. The objection is commonly made on the first ground ; as one person, in having a controversy between the plaintiff and himself decided, ought not to be obliged to submit to delays that might arise out of a separate controversy between the plaintiff and another defendant. That reason does not ordinarily apply, when there is but one defendant, though there be several distinct subjects; as the objection goes only to the convenience in the modes of proceeding, and a single defendant may, and generally does, prefer all disputes between him and the plaintiff to be settled in one suit, rather than incur the expense of two or more. Although the objection seems, thus, not to be as forcible against entertaining a bill when there is a joinder of distinct subjects against the same person as it is against a bill in which there is both a joinder of different subjects and persons, yet it seems to be thought that a misjoinder of subjects against the same person is, of itself, a good objection to a bill, if the defendant thinks proper to take it. It may be remarked, however, that very few cases are to be found, in which a bill against a single person has been dismissed on that ground.. That of
 
 Johnson
 
 v.
 
 Johnson, 6
 
 John. C. C. 163, is an instance of the application of the rule, and was pressed in the argument at the bar. But that case can hardly be considered a precedent upon the general doctrine, as it proceeded upon very special grounds. It was a suit for divorce a
 
 mensa et thoro
 
 and also for one a
 
 vinculo matrimonii
 
 upon the distinct grounds of cruelty and adultery ; as to which the statute required different defences, namely, as to one, on oath, as to the other, not, and likewise different modes of proceeding to ascertain the facts. Therefore the case has no general application; and no other was cited, which was precisely apposite. But it is not requisite to look for other cases on that point or to determine how far the Court should go in refusing cognizance of a bill
 
 *317
 
 upon the ground, simply, that it seeks relief against a single person in respect to-two distinct matters. For, admitting that such a bill would not be sustained, the present, as it seems to the Court, does not fall within the rule.
 

 It is obvious, that the principle can only apply, when two thing's concur. First, when the different grounds of suit are wholly distinct: and secondly, when each ground would, as stated, sustain a bill. If the grounds of the
 
 bill
 
 be not entirely distinct and wholly unconnected ; if they arise out of one and the same transaction or series of transactions, forming one course of dealing and all tending to one end ; if one connected story can be told of the-whole, then the objection cannot apply. Suppose a guardian to make an unfair bargain with a late ward, just of age, and to obtain several conveyances for realty and personalty. Undoubtedly one bill could cover the whole case; and that, even if the person obtaining the deeds were dead, and the relief was sought against his heirs and executor. The same defence would be applicable to the different parts of the case. It must be the same with respect to dealings between other trustees or
 
 quasi
 
 trustees, from their confidential relation, and
 
 cestui que trusts.
 
 In such cases a bill may be filed in affirmance of the original right of the plaintiff, and in ordef that the relief in respect to it — which is the main relief — may be effectual, the plaintiff may state in his bill any number of conveyances improperly obtained from him, either at one or more times or respecting different kinds of property, and ask to have them all put out'of his way or to have reconveyances; for the several conveyances do not so much constitute distinct subjects of litigation, but are rather so many barricades erected by the defendant to impede the plaintiff’s progress towards his rights. The same equity, we think, must-exist against conveyances qf property devised tinder a will, whether real o.r person
 
 *318
 
 al, obtained by an executor from devisees or legatees to be the better or the more easily managed or disposed of with a view to the purposes of the will, or upon such a suggestion. • If taken upon a suggestion of that kind, and they do not state the purpose on their face, and the executor should, on that ground, set them up as absolute conveyances to himself, after the purposes of the will have been answered, or when there were, in truth, no such necessities of the estate, though suggested, it is apparent that there ought to be relief against such conveyances; and that, within the principle we are considering, the relief may and ought to be had upon a bill for administering the estate and settling the actings of the party as executor, or connected with the office. If the executor obtained the conve3'ance by reason that he was executor, and upon a suggestion, that it would enable him the better to discharge' his office or promote the interest of the maker of the deed, the latter may, in a bill for an account of the estate, insist likewise on a reconveyance, upon the ground that the account will show, either that the purposes, for which the conveyance was made, have been answered, or that they never existed and that the suggestion was false from the beginning. For, it is plainly a fraud, committed in the course of the defendant’s administration and arising out of the relation created thereby. Such seems to be the ease, which it was an object of this bill to state. The statement, it is true, is very imperfect, and the writer may not have a clear conception of the particular equity, on which the right to relief in this suit depended. We cannot say, indeed, that there is enough in the bill to authorise a decree for the plaintiff on this part of this cause, when it comes to a hearing. Whether there be, or not, is not at this time to be considered, as the case is here by appeal from an interlocutory decree on a special demurrer. What we have to say is, that such an equity exists, and that there is a manifest propriety in connects
 
 *319
 
 ing the obtaining of such a conveyance and
 
 the trusts
 
 and purposes, on which it was given and to which it has been applied or misapplied, and asking relief in respect thereof in the same bill, in which relief is sought in respect to the other acts of the executor, whether those that are strictly
 
 virtute officii,
 
 or those arising out of trusts imposed, or supposed to be imposed, on him as executor.
 

 Here, the will gave land to the plaintiff and defendant and directed that the
 
 excutors
 
 should take into possession, not only the personal, but the real estate, and defend it if any difficulty should arise about it, and further, that they should pay the debts and funeral expenses out of the money that should first come into the hands of the
 
 executors
 
 from any portion of the estate,
 
 real
 
 or personal. The land, then, although devised, was charged with the debts and expenses, and the executors were
 
 required to enter into
 
 it and apply the profits to those purposes. The bill states also, that the parties, owing to the superior capacity for business of the defendant-and the incapacity of the plaintiff, agreed, immediately after the will was proved in May ISé?, t-hat the defendant should act solely as the executor, and that accordingly the defendant took exclusive possession of the whole estate — real as well as personal. Then it was, that the defendant also induced the plaintiff to execute a deed for the land, “alleging, and declaring, through fraud and misrepresentation, that such was the will of the testatrix,” and the plaintiff, through ignorance, and confidence in the defendant, believing the representation. Yiewing the statement of the bill as to the occasion and reason for the conveyance, in connection with the provisions of the will and the absence of any valuable or good consideration, it must be supposed, whether sufficiently expressed or not, that it was the purpose to charge in the bill, that the defendant, the sole acting executor, required the conveyance from the plaintiff upon the idea, that the will imposed duties on the
 
 *320
 
 executor, as such, in respect of the land and the payment of the debts out of its produce, and that, as the plaintiff was giving up the executorship, he should also give up the land, to the defendant, and to that end make a conveyance of it. Thus regarded, the arrangement and conveyance were but acts, whether at the time rightful or wrongful, in the course of the administration of the estate, and they form proper subjects for consideration in a bill like this, as arising out of the administration. On this ground the demurrer would be properly over-ruled, if the statements of the bill be sufficient to show, that the deed was made under the circumstances and for the purposes supposed.
 

 If, however the allegations be so defective on that head, that the plaintiff could not get a decree in respect of the land, then the point raised by the demurrer is still as conclusively against the defendant. We rather suppose, that the bill is too barren of facts and vague to entitle the plaintiff to a decree for any land. It does not identify the land conveyed, nor, indeed, allege that the testatrix was seized of any particular land, nor what estate she had in it, if any; and it is difficult to see what in particular constituted the fraud and misrepresentation,” by which the defendant got the conveyance. Supposing, then, the statements in the bill to be insufficient to authorise a decree for the land, it follows that the bill cannot possibly_be multifarious. For, in its nature, the objection of multifariousness is, that the bill contains two distinct causes of suit, in respect of each of which, as the bill is framed, the plaintiff may have a decree ; whereas this bill would, then, be one, in which there was as to one subject a good case, and as the other a bad one, so that, in fact, the plaintiff could not have a decree for distinct subjects, but only for a single one. Such a bill is not multifarious in any proper sense of the term, so as to admit of a demurrer to the whole bill on that ground
 
 *321
 
 and cause it to be dismissed, as well in regard to the good case as the bad one. Certainly
 
 not;
 
 for
 
 utile per inutile non vitiatur.
 
 Instead of demurring for multifariousness, the proper course, according to circumstances, would be to refer the bill to have it reformed for impertinence ; or to demur to that part of the bill, if the party does not choose to answer ; or to answer and insist on the defence, as to so much of the bill, at the hearing. For, as far as the plaintiff has ,a good case he ought to be relieved, and not turned out of Court, merely because he unnecessarily introduced other matter, that is impertinent to that case, and, at the same time, does not constitute another substantive ground for a decree.
 

 It must be certified, that there was no error in the interlocutory decree, and the defendant must pay the costs in this Court.
 

 Pee Curiam.
 

 Ordered accordingly.