STATE v. JOHN G. SMITH.

*Indictment for Perjury—Perjury—Denial of Partner-*
*ship—Defense—Estoppel.*

1. On a trial for perjury alleged to have been committed in the tria[l] of a civil case by defendant swearing that he had never been a member of a certain firm, the defendant may show, as a matter of defense, that no such firm existed.

2. The fact that some of the State's witnesses testified that defendant had told them that he was a member of the firm, as was sought to be shown in the civil case, did not estop defendant from showing that he was not a member and that his statement to such witnesses was not correct.

INDICTMENT for perjury tried before *Meares, J.,* and a jury at April Term, 1896, of the Circuit Criminal Court of ROBESON County. The defendant was convicted and appealed. The facts sufficiently appear in the opinion of Chief Justice FAIRCLOTH.

*Attorney General* and *Messrs. McNeill & McLean,* for the State.

*Messrs. John D. Shaw & Son,* for defendant (appellant).

FAIRCLOTH, C. J.: The defendant is indicted for perjury committed on the trial of a civil action wherein S. P. McNair was plaintiff, and John G. Smith and W. B. Smith, partners, doing business under the firm name of W. B. Smith & Co., were defendants, by falsely asserting on oath that he, the defendant, had never been a member of the firm of W. B. Smith & Co., knowing the same to be false, &c. The defendant testified on trial on the present action that he had never been a member of the firm of W. B. Smith & Co., and that he so testified at the former

trial.   A number of other witnesses were examined for the defendant and the State, and  a verdict of guilty was rendered.

His  Honor  instructed  the  jury  that  the  State  must satisfy them   beyond a reasonable  doubt  that the defendant was a member of the said firm, and charged them as he understood  the  rule  of  evidence  in a civil  action.    His Honor then referred to the bill of indictment and told the jury, " And the defendant cannot show that, as a fact, there was no such co-partnership at the time, by way of defense. But, nevertheless, it is incumbent upon the prosecution to satisfy the jury beyond a reasonable doubt that the defendant was a member  of  the  firm  of W. B. Smith & Co., at the time that the alleged false oath was taken."    Defendant excepted.    In the first sentence of the above quotation there is error.    Whether  the  defendant  was a member of the firm was a material question, and much of the evidence on both sides  was  directed to it.    The State was allowed to show the affirmative, and we can conceive of no reason why the defendant should not be allowed to show the negative, and  know  of  no authority  denying the  privilege of doing so.

The effect of the charge was  to withdraw from the jury the defendant's evidence on that material question.   Some of the State's witnesses testified that the defendant had told them he was a member of  the firm of  W. B. Smith & Co. Assuming that he had so  told  the  witnesses, he was still at liberty to show on  the  trial that he was not a member, and that his statement to the witnesses was not correct.   To refuse this privilege would be to establish a very high grade of estoppel in criminal proceedings.

Error.