L. G. DANIELS, Guardian of Ruth H. Daniels and Henrietta Fowler
v. J. O. BAXTER, et al.

*Action to Set Aside Deeds as Fraudulent, for Conversion,
for Damages, and for Accounting—Joinder of Differ-
ent Causes of Action—Pleading — Parties—Removing
Cloud from Title—Demurrer.*

1. Where the causes of action stated in a complaint arise out of one and
   the same transaction or series of transactions, forming one course
   of dealing, and all tending to one end, so that one connected story
   can be told of the whole, the complaint is not multifarious. .

2. Under section 267 (1) of *The Code,* where causes of action all arise out
   of a transaction connected with the same subject matter, a cause
   of action in tort can be joined with one to enforce an equitable
   right, and a complaint to set aside, as fraudulent, various convey-
   ances of real and personal property by means of a series of alleged
   fraudulent deeds and proceedings, and for damages for the deten-
   tion and conversion of such property, does not show a misjoinder
   of causes of action.

3. In an action by heirs at law and distributees to set aside deeds pro-
   cured from their ancestor by fraud and imposition, it is immaterial
   and not ground for demurrer that the personal representative is
   made a party defendant, instead of plaintiff, especially where it is
   alleged and admitted that there are no creditors.

4. Under Ch. 6 Acts of 1893, an action can be maintained to remove a
   cloud on title, although plaintiff is not in possession. ·

5. The objection that a complaint is "argumentative, hypothetical and
   in the alternative," cannot be made by demurrer, but must be
   taken advantage of by a motion, before answering or demurring,
   for a repleader and to make the complaint more specific."

CIVIL ACTION heard, on complaint and demurrer, before
*Timberlake, J.,* at Fall Term, 1896, of PAMLICO Superior
Court. The action was brought by the heirs at law and
distributees of S. H. Fowler, through their guardian, the
plaintiff Daniels, against J. O. Baxter, assignee of S. H.
Fowler, C. H. Fowler, administrator of S. H. Fowler (in
their representative and individual capacities), Hannah J.
Kennedy, grantee, as agent of C. H. Fowler with notice,

and without paying a valuable consideration, and J. F. Cowell, a joint tort feasor, as agent, and with notice, to recover the real and personal estate formerly owned by S. H. Fowler, and damages for its detention and conversion, on the ground that it was fraudulently obtained, through a conspiracy of defendants, by means of a series of deeds, judgments and transactions, and was held by them under color of the following fraudulent claims of title, in none of which frauds the ancestor of plaintiffs participated, to wit: (1) A deed of trust for the benefit of creditors, claimed to have been executed by S. H. Fowler on his deathbed, when he was unconscious, to J. O. Baxter, assignee, preferring C. H. Fowler for $9,000. (2) A deed from Baxter, assignee, to C. H. Fowler, for part of the property mentioned in the deed of trust. (3) A deed from C. H. Fowler, administrator of S. H. Fowler, to Hannah J. Kennedy, for certain lands contemplated in the conspiracy, but left out in the deed of trust by mistake of defendants; and the special proceeding before the clerk of the superior court to obtain leave to sell the lands for assets, which the said deed purports to follow. The defendant Baxter was the bookkeeper of defendant Fowler, the defendant Kennedy was the sister and partner of defendant Fowler, and the defendant Cowell was his partner. Defendants demurred to the complaint, and assigned many grounds, which are embodied substantially in the following: (1) That there is a misjoinder of causes of action, and the causes affect the several defendants differently. (2) That the action cannot be sustained: Because neither the administrator, administrator de bonis non, nor the receiver is a party plaintiff. (3) Because the creditors are not parties plaintiff. (4) Because there is no jurisdiction at term over—first, a cause of action for failure to file annual accounts; second, to set aside orders of sale and confirmation, and a deed executed thereunder, in

a special proceeding to sell land for assets. (5) Because there is no allegation that S. H. Fowler made a deed of assignment. (6) That the complaint is argumentative, hypothetical, and in the alternative.

The demurrer was overruled, and defendants appealed.

*Messrs. Simmons & Ward*, for plaintiff.
*Messrs. Clark & Guion*, for C. H. Fowler, et als., appellants.

CLARK, J.: If the grounds of the complaint "'arise out of one and the same transaction, or series of transactions, forming one course of dealing, and all tending to one end; if one connected story can be told of the whole," it is not multifarious. Ruffin, C. J., in *Bedsole* v. *Monroe*, 40 N. C. 313, cited and approved in *Young* v. *Young*, 81 N. C. 91; *King* v. *Farmer*, 88 N. C. 22, and in *Heggie* v. *Hill*, 95 N. C. 303. To same purport is *Hamlin* v. *Tucker*, 72 N. C. 502. That the "main relief may be effectual, the plaintiff may state in his bill any number of conveyances, improperly obtained from him, either at one or more times or respecting different kinds of property, and ask to have them all put out of his way, or to have reconveyances; for the several conveyances do not so much constitute distinct subjects of litigation, but are rather so many barricades erected by the defendant to impede the progress of the plaintiff towards his rights." *Bedsole* v. *Monroe, supra.* "Where a general right is claimed, arising out of a series of transactions tending to one end, the plaintiff may join several causes of action against defendants who have distinct and separate interests, in order to a conclusion of the whole matter." *Young* v. *Young, supra.*

Under the Code, Sec. 267, (1) where the causes of action all arise out of transactions connected with the same sub-

ject matter, a cause of action in tort can be joined with one to enforce an equitable right; (*Benton* v. *Collins*, 118 N. C. 196) and proceedings for enforcement of legal and equitable rights can be joined. *Solomon* v. *Bates*, 118 N. C., 311, 316; *State* v. *Smith*, 119 N. C., 856. This is an action for the conversion of the entire estate of the ancestor of the infant plaintiff and to set aside sundry transactions, conveyances and judgments, by means of which the wrong has been done, in none of which frauds the ancestor participated. The demurrer for misjoinder was therefore properly overruled. Had it been sustained, the action would not have been dismissed, but divided into several, in the trial of each of which substantially the same evidence would have been admitted and the same proposition of law discussed, with great increase of costs and time and with benefit to no one. *Pretzfelder* v. *Insurance Co.*, 116 N. C., 491. The principle that an action in tort can not be united with one in contract applies only where they arise out of transactions connected with different subject matters. *State* v. *Smith*, *supra*.

"The subject matter of the action" is so well defined by Bliss on Code Pleading, Sec. 126, that we cite it: "The cause of action has been described as being a legal wrong threatened or committed against the complaining party; and the object of the action is to prevent or redress the wrong by obtaining some legal relief. The subject of the action is neither of these; it is not the wrong which gives the plaintiff the right to ask the interposition of the court, nor is it that which the court is asked to do for him, but it must be a matter or thing, differing both from the wrong and the relief, in regard to which the contrversy has arisen, concerning which the wrong has been done; and this is ordinarily the property, or the contract and its subject matter, or other thing involved in the dispute. Thus, in an

action to recover the possession of land, the "right" is the right of possession; the "wrong" is the dispossession; the "object" is to gain possession; and the "subject," or that in regard to which the action is brought, is the land and usually its title."

The personal representative is made a party defendant. It is immaterial and not ground of demurrer that he is not a plaintiff. *Teague* v. *Downs*, 69 N. C., 28; *McCormac* v. *Wiggins*, 84 N. C., 279. The creditors are not necessary parties. *Carlton* v. *Byers*, 93 N. C., 302; *Hancock* v. *Wooten*, 107 N. C., 9. Besides, it is alleged in the complaint that there are no creditors, and the demurrer admits it.

The 4th ground of demurrer was also invalid. It misconceives matters stated as inducement as the cause of action itself. As to the 5th ground of demurrer, there is an allegation that the defendants claim that S. H. Fowler made a deed of trust, that what purports to be such is on record, and that the defendants are holding under it. This is sufficient under Acts, 1893, Ch. 6, to proceed to have the cloud removed, though the plaintiffs are not in possession

The last ground assigned for demurrer, that the complaint is "argumentative, hypothetical, and in alternative," if it were true, is not cause for demurring, but would justify a motion, before answering or demurring, for a repleader and to make the complaint more explicit. The Code 261, and cases cited in Clark's Code, (2d Ed.) p. 207.

                                                  No error.