ELWOOD .H. LEE v. F. T. THORNTON ET AL.

(Filed 22 March, 1916.)

### 1. Actions—Parties—Causes—Statutes—Motions—Pleadings.

Objection for misjoinder of causes of action should be made upon motion to divide them, Revisal, sec. 476; objection to the complaint for multifarious, irrelevant, and redundant allegations, upon motion, made before answer or demurrer or time allowed to plead, to make it more definite and certain. Revisal, sec. 474.

### 2. Actions—Joinder—"Multifariousness."

"Multifariousness" in equity pleading formerly referred to the fault of improper joining in one bill distinct and independent matters and thereby confounding them, which fault is now recognized in Revisal, secs. 474, 476, relating to the improper joinder of parties and causes of action, and the statement of irrelevant matter.

### 3. Same—Cause of Action—Construction.

A complaint in an action which is not so prolix as to mislead or confuse the defendants or to conceal or obscure, by its elaboration or redundant words, the real cause of action, is sufficient; and if the matters alleged arise out of one and the same transaction, or series of transactions, forming one course of dealings, all tending to one end, narrating the transaction as a whole, the cause stated is not objectionable as multifarious.

### 4. Same—Deeds and Conveyances—Mental Capacity—Parties—Fraud.

Where the complaint in an action to set aside certain conveyances of land to different persons for fraud and undue influence upon grantor, and for his lack of mental capacity to execute them, alleges, in substance, that the grantor executed the deeds when totally deficient in mental capacity, and that he was fraudulently imposed upon and unduly influenced by the defendants, who had conspired together against him to take an unfair and unjust advantage of his mental and physical condition, and that the defendant grantee knew of such facts and participated in the fraud when he took the deed, it states with sufficient clearness a good cause of action, though the pleading may have set forth the matter with some prolixity and unnecessary detail.

CIVIL ACTION heard by *Peebles, J.,* on demurrer to the complaint, at October Term, 1915, of WAKE.

Plaintiff alleged that his father, James Lee, on 19 November, 1913, and prior to that time, was the owner, as tenant in common, of a one-third divided interest in a parcel of land situated in House's Creek Township and containing about 3 acres. That the defendants combined and conspired to defraud James Lee out of his interest in said land. That Ella Lee was his wife, and Dr. F. J. Thornton his physician, and as such had influence and control over him. That he was greatly enfeebled in mind and body from July, 1913, to 19 November, 1913, when the first deed was made, not having mind enough to make a deed and being easily controlled by them. That by the use of said

14—171

influence, and taking advantage of his mental and physical condition, they procured him to sign a deed to the defendants J. W. I. Mason and wife for a part of said land in consideration of $150, which was much less than its real value. That a large part of said sum was converted by Ella Lee and Dr. Thornton to their own use, James Lee deriving very little benefit from it. It is further alleged that, afterwards, by the fraudulent use of their control and influence over James Lee, who was devoid of mental capacity to make it, they obtained from him a deed to Dr. Thornton for another part of the land for $200 and other considerations which Thornton never paid, but kept and used for the joint benefit of himself and Ella Lee. That in furtherance of their concerted scheme to fraudulently deprive James Lee of his land for their own benefit, they procured what purported to be a deed from him to the plaintiff Elwood Lee, who was his son and, prospectively, his only heir, with the intent to embarrass and handicap him in any attack he might make on the other deeds and thereby compel him to submit to the loss of his heritage, and that they took advantage of plaintiff's youth and inexperience and his ignorance of the real facts and circumstances to consummate their fraudulent purpose, the deed having been acknowledged, if acknowledged at all, and recorded without his seeing it or knowing what had taken place. In the original complaint and the amendments thereto it is charged that Ella Lee, Dr. Thornton, and J. W. I. Mason conspired to cheat and defraud James Lee. It is then alleged that James Lee is dead and plaintiff is his only heir at law. The prayer is that the deeds be canceled as fraudulent and void.

Defendants filed separate demurrers, substantially if not literally alike, the following being the grounds of demurrer:

"1. The said complaint does not state facts sufficient to constitute a cause of action.

"2. For that it appears from the said complaint that there is a misjoinder of parties defendant.

"3. For that it appears from said complaint that there is a misjoinder of causes of action therein.

"4. For that said complaint is scandalous and impertinent.

"5. For that in attempting to set up fraud against the defendants, the plaintiff alleges the facts upon which he attempts to rely on 'information and belief' only.

"6. For that said complaint is redundant, multifarious, and argumentative; and is not a clear and concise statement of the facts necessary to entitle the plaintiff to the relief demanded in the complaint, as required by law."

At September term the demurrers were overruled, "but the court of its own motion required the plaintiff to amend his complaint so as to

allege more specifically title and ownership," and defendants were allowed until the end of the next term of the court to answer.

Plaintiff amended the complaint in accordance with the order of the court, and defendants then severally demurred as follows:

"1. For that it appears from said complaint that there is a misjoinder of causes of action, it appearing therefrom that the complaint attempts to set aside two deeds which were given at different times to different parties and under different circumstances, and that the several defendants have no interest whatsoever in the deeds which were executed to the other defendants.

"2. For that there is a misjoinder of parties defendant because it appears therefrom that there is no privity or connection between the several defendants as to the various transactions alleged in said complaint.

"3. For that said complaint does not comply with the requirements of the law because of the fact that it is not a plain and concise statement of the facts constituting a cause of action, but contains irrelevant, redundant, multifarious, scandalous, and unnecessary matter, and repetition.

"4. For that said complaint is so drawn and the allegations, as to the circumstances surrounding the various transactions named therein, are so inartfully alleged that it is impossible for either of the defendants to prepare an intelligent answer thereto."

These demurrers were sustained and plaintiff ordered to file a new complaint, and defendants permitted to answer or demur thereto. Plaintiff excepted and appealed.

*Peele & Maynard and Laughlin McNeill for plaintiff.*
*Douglass & Douglass and Armistead Jones & Son for defendants.*

WALKER, J., after stating the case: It would seem to be plain that the court did not sustain the demurrers upon the ground that there was a misjoinder of causes of action, because it made no order for a division of them under Revisal, sec. 476; and it is equally plain that it was not done for the reason that there was a misjoinder of parties, for the judgment would not remove that objection, if it was well taken. The judgment must have been based upon the last two defects assigned in the demurrer, which, by reference to the statute, Revisal, sec. 474, would not seem to be proper grounds of demurrer, *Thames v. Jones,* 97 N. C., 121, but of a motion to make the complaint more definite and certain, so that the precise nature of the cause of action may clearly appear.

Revisal, sec. 474, provides as follows: "The defendant may demur to the complaint when it shall appear upon the face thereof either (1) that the court has no jurisdiction of the person of the defendant or of

the subject of the action; or (2) that the plaintiff has not legal capacity to sue; or (3) that there is another action pending between the same parties for the same cause; or (4) that there is a defect of parties plaintiff or defendant; or (5) that several causes of action have been improperly united; or (6) that the complaint does not state facts sufficient to constitute a cause of action."

Section 496 provides as follows: "If irrelevant or redundant matter be inserted in a pleading, it may be stricken out on motion of any person aggrieved thereby; but this motion must be made before answer or demurrer, or before an extension of time to plead is granted. And when the allegations of a pleading are so indefinite or uncertain that the precise nature of the charge or defense is not apparent, the court may require the pleading to be made definite and certain by amendment." "A motion to strike out alleged improper matter from a complaint will not be considered after an answer or demurrer is filed, or after an order for time to plead." *Best v. Clyde,* 86 N. C., 4.

The first demurrers were directed against the cause of action, but this ground was abandoned in the second group, and, we think, properly so. It appears that the court overruled the first demurrers and ordered an amendment of the complaint of its own motion so as to show more specifically plaintiff's title and ownership of the land. Plaintiff contends that this was *res judicata* as to all the other grounds of demurrer; but we need not decide this question, nor the one as to whether the last two grounds of objection can properly be taken by such a pleading, for we are of the opinion that the court should have overruled the present demurrers. Why the first demurrers were overruled and the last sustained does not clearly appear. As we have said, it would seem from the order made by the court that its ruling was based upon the last two grounds of demurrer, and this is indicated by the fact that there was no order as to the separation of causes of action or of the parties, and there was nothing left of the demurrers except the objection that the complaint was uncertain, redundant, and not clear and concise in its allegations as required by the statute. It is alleged in the third ground of demurrer that the complaint is "multifarious," which, in equity pleading, formerly referred to the fault of improperly joining in one bill distinct and independent matters, and thereby confounding them, as, for example, the uniting in one bill of several matters of complaint, perfectly distinct and unconnected, against one defendant, or the demand of several matters of a distinct and independent nature against several defendants in the same bill, Story Eq. Pl. (10 Ed.), sec. 271; but we recognize in this definition of the word the same fault in pleading mentioned in Revisal, secs. 474 and 496, as to the improper joinder of parties and causes of action, and the statement of irrelevant matter.

Coming down to the real question involved, the complaint states a cause of action clearly enough, but not very concisely, and it may be that the pleading was properly characterized in the argument as prolix; but if that objection is now open to the defendants upon demurrer, the prolixity is not so grave in its extent as to mislead or confuse the defendants or to conceal or obscure, by too much elaboration or redundant words, the real cause of action, and, therefore, to require further amendment of the pleading.

The decision in *Daniels v. Fowler,* 120 N. C., 14, would seem to completely answer all of the material objections of the defendants. Language could not be more apposite to this case and the precise point raised by the demurrer, and could not more effectually dispose of them, than that which is used by the present *Chief Justice* in that case, where he said: "If the grounds of the complaint 'arise out of one and the same transaction, or series of transactions, forming one course of dealing, and all tending to one end; if one connected story can be told of the whole,' it is not multifarious. *Ruffin, C. J.,* in *Bedsole v. Monroe,* 40 N. C., 313, cited and approved in *Young v. Young,* 81 N. C., 91; *King v. Farmer,* 88 N. C., 22, and in *Heggie v. Hill,* 95 N. C., 303. To same purport is *Hamlin v. Tucker,* 72 N. C., 502. That the 'main relief may be effectual, the plaintiff may state in his bill any number of conveyances, improperly obtained from him, either at one or more times respecting different kinds of property, and ask to have them all put out of his way, or to have reconveyances; for the several conveyances do not so much constitute distinct subjects of litigation, but are rather so many barricades erected by the defendant to impede the progress of the plaintiff towards his rights.' *Bedsole v. Monroe, supra.* 'Where a general right is claimed, arising out of a series of transactions tending to one end, the plaintiff may join several causes of action against defendants who have distinct and separate interests, in order to a conclusion of the whole matter.' *Young v. Young, supra.* Under The Code, sec. 267 (1), where the causes of action all arise out of transactions connected with the same subject-matter, a cause of action in tort can be joined with one to enforce an equitable right (*Benton v. Collins,* 118 N. C., 196); and proceedings for enforcement of legal and equitable rights can be joined. *Solomon v. Bates,* 118 N. C., 311, 316; *S. v. Smith,* 119 N. C., 856. This is an action for the conversion of the entire estate of the ancestor of the infant plaintiff and to set aside sundry transactions, conveyances, and judgments by means of which the wrong has been done, in none of which frauds the ancestor participated. The demurrer for misjoinder was therefore properly overruled." That case has repeatedly been approved. *Fisher v. Trust Co.,* 138 N. C., 224; *Quarry Co. v. Con-*

*struction Co.,* 151 N. C., 345; *Ricks v. Wilson, ibid.,* 46; *Hawk v. Lumber Co.,* 145 N. C., 48; *Ayers v. Bailey,* 162 N. C., 209. To these may be added *Glenn v. Bank,* 72 N. C., 626; *Benton v. Collins,* 118 N. C., 196; *Pretzfelder v. Ins. Co.,* 116 N. C., 491, all decided before *Daniels v. Fowler, supra,* but to the same effect.

The writer of this opinion did not concur in *Fisher v. Trust Co., supra,* but agreed to the dissenting views so ably stated by *Justice Connor;* but he recognizes that the principle of that case has since been thoroughly settled by the decisions of this Court and is now an established rule of pleading, and he has acquiesced in it for that reason.

The complaint, if reduced to its last analysis, or the ultimate and material facts, alleges that the deeds were executed when James Lee was totally deficient in mental capacity, and that he was fraudulently imposed upon and unduly influenced by defendants Ella Lee and Dr. Thornton to execute the deeds, they having conspired to take an unfair and unjust advantage of his mental and physical condition in order to procure them, and that the defendant Mason knew of these facts and participated in the fraud when he took his deed. This states with sufficient clearness a good cause of action, even though the pleader may have gone into lengthy detail. *Blackmore v. Winders,* 144 N. C., 215; *Brewer v. Wynne,* 154 N. C., 467.

Our conclusion is that the demurrers should have been overruled and the defendant required to answer to the merits.

Reversed.