MRS. RALPH LEACH, JANETTE LEACH, MRS. LOUISE LEACH MARTIN, MRS. MARY LEACH GRAHAM, AND MRS. RALPH LEACH, GUARDIAN OF RALPH LEACH, v. J. R. PAGE, INDIVIDUALLY; J. R. PAGE, ADMINIS-TRATOR AND TRUSTEE OF THE ESTATE OF RALPH LEACH, DECEASED; MRS. FLORA SHAW PAGE, EXECUTRIX OF ESTATE OF ROBERT N. PAGE, DECEASED; HENRY A. PAGE, MARY F. PAGE, EMMA C. PAGE, FRAN-CIS PAGE WILDER, J. R. PAGE, WACHOVIA BANK & TRUST COM-PANY, EXECUTOR OF ESTATE OF FRANK PAGE, DECEASED; AND PAGE BROTHERS, COPARTNERS, TRADING UNDER THE FIRM NAME OF PAGE & COMPANY; MRS. F. C. PAGE, MRS. ARTHUR W. PAGE, MRS. LEILA T. PAGE AND MRS. CHARLES G. LORING, COPARTNERS, TRADING AND DOING BUSINESS UNDER THE FIRM NAME OF PAGE BROTHERS; PAGE TRUST COMPANY, A NORTH CAROLINA BANKING CORPORATION; S. J. HINSDALE, LIQUIDATING AGENT OF PAGE TRUST COMPANY; AND GURNEY P. HOOD, COMMISSIONER OF BANKS OF THE STATE OF NORTH CAROLINA.

(Filed 19 May, 1937.)

**1. Pleadings § 20—Pleading will be liberally construed upon demurrer.**

Upon examination of a pleading to determine its sufficiency as against a demurrer, its allegations will be liberally construed with a view to substantial justice, C. S., 535, and every reasonable intendment and pre-sumption will be given the pleader, and the demurrer overruled unless the pleading is wholly insufficient.

**2. Pleadings §§ 2, 16—Held: Demurrer for misjoinder of parties and causes should have been overruled in this action.**

The widow and heirs instituted this action against the administrator and trustee of the estate and the corporate surety on his bond and the receivers of the corporate surety, alleging that the administrator had invested funds of the estate in a family partnership of which he was a member; against the members of the partnership, including another family partnership as a member of the larger firm, and the personal representatives of deceased partners, upon written agreement of the partnership to be responsible for the funds; against the receivers of a bank alleging that the family partnerships were subsidiaries of the bank and that the receiver had assets of the partnerships which in equity belonged to plaintiffs; that demand for repayment of the funds had been made on each of defendants, and demand refused. *Held:* The complaint relates a connected series of events and relationships, growing out of the same transaction or connected with the same subject of action, and a demurrer for misjoinder of parties and causes should have been overruled.

**3. Executors and Administrators § 30c—Allegations held insufficient to show waiver of liability of administrator by acceptance of notes of third party for claim.**

In an action against an administrator and trustee for wrongful invest-ment of funds of the estate in a partnership of which he was a member, his demurrer on the ground that his personal liability had been discharged and waived by the beneficiaries of the estate, accepting the obligation and notes of the partnership therefor, should be overruled, where the com-

plaint does not show that the notes of the partnership had been paid or that its notes were accepted with the intention to waive and discharge the liability of the administrator and trustee.

**4. Same—Administrator may be sued for wrongful investment and refusal to pay over or account for funds without demand for settlement of estate.**

An administrator and trustee is subject to suit upon allegations that he had invested funds of the estate in and through his own partnership and had failed and refused to pay over or account for same, C. S., 135, and a demurrer on the ground that the action would lie only to compel the filing of a final account and settlement of the estate is untenable.

**5. Pleadings § 18—**

Positive defenses may not be taken advantage of by demurrer.

**6. Receivers § 9—**

Allegations that defendant receivers held assets belonging to another defendant, and that such assets in equity were held for plaintiffs' benefit and should be subjected to plaintiffs' claim against such other defendant, *is held* to state a cause of action against the receivers.

**7. Pleadings §§ 20, 27—**

Indefiniteness and uncertainty in a complaint, which sufficiently states a cause of action, may not be taken advantage of by demurrer, the remedy being by motion to make the pleading more definite by amendment. C. S., 537.

APPEAL by plaintiffs from *Moore, Special Judge,* at May Term, 1936, of MOORE.

Defendant J. R. Page, administrator, and Gurney P. Hood, Commissioner of Banks, and S. J. Hinsdale, liquidating agent, in charge of Page Trust Company, filed separate demurrers on the ground that the complaint did not state facts sufficient to constitute a cause of action as to them, and that there was a misjoinder of parties and causes of action.

From judgment sustaining the demurrers on both grounds and dismissing the action as to the demurring defendants, plaintiffs appealed.

*Douglass & Douglass and R. L. McMillan for plaintiffs.*
*U. L. Spence and W. D. Sabiston, Jr., for defendants.*

DEVIN, J. The appeal presents for review the ruling of the court below in sustaining the demurrers of certain defendants and dismissing the action as to them.

This requires an examination of the complaint, particularly with reference to the objections pointed out by the demurrers, in order to determine its sufficiency. This must be done in accord with the uniform rule that for the purpose of ascertaining the meaning and determining the effect of a pleading its allegations shall be liberally construed with

a view to substantial justice between the parties (C. S., 535), and that every reasonable intendment and presumption be made in favor of the pleader. *Blackmore v. Winders,* 144 N. C., 212.

The allegations of the complaint may be briefly summarized as follows: That the plaintiffs are the widow and children of Ralph Leach, deceased, and sole distributees of his estate, and the demurring defendant J. R. Page is the duly appointed and qualified administrator and trustee of the estate of Ralph Leach, deceased, and has been acting as such since 1918, and the Page Trust Company (now represented by the demurring defendants, Gurney P. Hood, Commissioner of Banks, and S. J. Hinsdale, liquidating agent) is the surety on the bond of J. R. Page; that in 1926 J. R. Page, administrator and trustee, invested $15,000, the funds of said estate, in or through the partnership styled Page & Co., of which J. R. Page was and is a member, defendant J. R. Page stating the investment would be in bonds, and that plaintiffs could get their money whenever desired; that interest was paid from time to time, and $1,200 on the principal, until 1 December, 1932, when payments ceased; that Page & Company, by letter, advised plaintiffs that the balance of $13,800 was invested in mortgage bonds on real estate, and that "Page & Co. agree that they are responsible for the investment of this amount of money"; that thereafter, when plaintiffs complained to J. R. Page of their failure to receive payments, he told them to see Ralph Page, the secretary and treasurer of the partnership of Page & Co., and get their interest, and that Ralph Page executed for and on behalf of Page & Co. a series of promissory notes to the plaintiffs in the aggregate sum of $13,800, said notes being signed Page & Co., by Ralph Page; that plaintiffs have demanded payment of J. R. Page, administrator, Page & Co., Page Trust Co., Page Brothers, and the other defendants, and each of the defendants has failed and refused to pay or account.

The plaintiffs further allege that J. R. Page, administrator and trustee, reported to the clerk of the Superior Court that the fund was invested in certain bonds, and that J. R. Page now says he does not know anything about the bonds, or whether there were any such bonds.

The plaintiffs further allege, in paragraph 11 of the complaint, that Page & Co. and Page Brothers were and are subsidiaries of Page Trust Co., and "that Page Trust Co., or its liquidating agent, now holds certain assets and securities of Page & Co. and Page Brothers, which assets and securities the plaintiffs say (are) held by Page Trust Co., surety for J. R. Page, administrator and trustee, for the benefit of the plaintiffs, (and) are in equity owing to the plaintiffs, and should be applied to the payment of said investment and indebtedness."

(1) It is apparent that the complaint relates a connected series of events and relationships, growing out of the same transaction or con-

nected with the same subject of action, and that the demurrer for misjoinder of parties and causes of action cannot be sustained. *Lee v. Thornton,* 171 N. C., 209; *Trust Co. v. Peirce,* 195 N. C., 717; *Cotten v. Laurel Park Estates,* 195 N. C., 848; *Shuford v. Yarborough,* 197 N. C., 150; *Shaffer v. Bank,* 201 N. C., 415. "Where a general right is claimed arising out of a series of transactions tending to one end, the plaintiff may join several causes of action against defendants who have distinct and separate interests, in order to a conclusion of the whole matter in one suit." *Young v. Young,* 81 N. C., 92.

(2) The defendant J. R. Page, administrator, demurring on the ground that, as to him, the complaint does not state facts sufficient to constitute a cause of action, specifies as the ground of his objection "that it appears on the face of the complaint that if as a matter of fact J. R. Page as administrator was at any time liable to the plaintiffs upon his official bond with respect to notes, bonds, and other evidences of indebtedness declared upon in the complaint, such liability has been discharged and waived as against J. R. Page in his capacity as administrator by the acceptance of the obligation and liability of Page & Co., as evidenced by the letter and promissory notes of Page & Co. set out in the complaint."

The above quoted portion of this defendant's pleading seems to go beyond the true office of a demurrer in that it sets out deductions from the facts alleged in the complaint which do not necessarily follow. The fact that Page & Co. executed and delivered to the plaintiffs promissory notes for the amount of the fund invested by the administrator with the partnership of which he was a member, and which said promissory notes have not been paid, would not, considered in the light most favorable to the pleader, constitute a waiver and discharge of the liability of the administrator and trustee, unless so intended.

The defendant J. R. Page, administrator, further sets up in his demurrer that the complaint does not state sufficient facts to constitute a cause of action as to him in that plaintiffs do not allege that defendant has failed to file his final account, and that the action is for the recovery of certain funds and not for settlement of the estate.

But it is substantially alleged in the complaint that defendant J. R. Page, as administrator and trustee, received the estate in 1918, and invested the funds of the estate in and through his own partnership in 1926, and now fails and refuses to pay over or account for same, and there is, under our system of code pleading, nothing to prevent the beneficiaries from bringing an action in the Superior Court. C. S., 135. The distributees of an estate may bring suit originally in the Superior Court against the administrator for an accounting and for a breach of his bond. *Bratton v. Davidson,* 79 N. C., 423; *Fisher v. Trust Co.,* 138 N. C., 91; *S. v. McCanless,* 193 N. C., 200.

Neither of the defendants has demurred on the ground that the plaintiffs did not have legal capacity to sue (C. S., 511), and on the argument it was admitted that this point was not raised. "The defense of real party in interest may only be made by affirmative allegations." *Nall v. McConnell, ante*, 258; *Morrow v. Cline, ante*, 254.

The good faith of the administrator and the other matters urged as a defense to plaintiffs' allegations may not be presented by a demurrer.

(3) Considering now the separate demurrer of the defendants who represent Page Trust Co., their objection that, as to them, the complaint does not state facts sufficient to constitute a cause of action cannot be sustained, particularly in view of paragraph 11 of the complaint. While this allegation may be open to the criticism that the facts are not set forth with such definiteness and precision as might be desired, viewing this allegation, as against a demurrer, in the light most favorable for the pleader, we think it is susceptible of the construction that the plaintiffs have there alleged, in addition to the fact of the close relationship between the defendants, that the Page Trust Company now holds certain securities of Page & Company, and that these securities are held by Page Trust Company for the benefit of the plaintiffs, and that in equity they belong to them and should be applied toward the payment of the indebtedness declared on.

It is provided by C. S., 537, if a pleading be indefinite or uncertain, the court may, on motion, require the pleading to be made definite and certain. If the facts constituting a cause of action are substantially stated in the complaint, or can be inferred therefrom by reasonable intendment, though the allegations may be imperfect or incomplete, the proper mode of correction is not by demurrer but by motion to make the pleading more definite by amendment. *Blackmore v. Winders*, 144 N. C., 212; *Moore v. Edmiston*, 70 N. C., 510.

In *Blackmore v. Winders, supra, Walker, J.*, speaking for the Court, uses this language: "A complaint cannot be overthrown by a demurrer unless it is wholly insufficient. If any portion of it, or to any extent, it presents facts sufficient to constitute a cause of action, or if facts sufficient for that purpose can be fairly gathered from it, the pleading will stand, however inartificially it may have been drawn, or however uncertain, defective, or redundant may be its statements, for, contrary to the common law rule, every reasonable intendment and presumption must be made in favor of the pleader. It must be fatally defective before it will be rejected as insufficient." *Brewer v. Wynne*, 154 N. C., 467; *Hoke v. Glenn*, 167 N. C., 594; *Lee v. Thornton*, 171 N. C., 209; *Horney v. Mills*, 189 N. C., 728; *S. v. Bank*, 193 N. C., 524; *Seawell v. Cole*, 194 N. C., 546; *Meyer v. Fenner*, 196 N. C., 476; *Ins. Co. v. Dey*, 206 N. C., 368; *Fairbanks, Morse & Co. v. Murdock Co.*, 207 N. C., 348;

*In re Trust Co.,* 207 N. C., 802; *Bowling v. Bank,* 209 N. C., 463. It is the purpose of the code system of pleading that actions be tried upon their merits. *Hoke v. Glenn, supra.*

"If any of the causes of action are good, the demurrer cannot be sustained." *S. v. McCanless, supra.*

For the reasons stated, we conclude that there was error in sustaining the demurrers.

Reversed.