M. S. SOHMER, A. N. SOHMER, AND MISS CHARLOTTE SOHMER v. FELTON BEAUTY SUPPLY COMPANY, INC., IRVING H. RAFF, AND RAFF BEAUTY SUPPLY COMPANY, INC.

(Filed 30 November, 1938.)

Pleadings § 16—Demurrer for misjoinder of parties and causes is properly overruled after allowance of amendment eliminating defect.

Plaintiff instituted this action ex contractu, and defendant filed a counterclaim alleging damages against plaintiff for breach of contract not to engage in the same business in the same locality for a period of three years, and that plaintiff and other parties which defendant had joined had conspired together to breach this agreement. The trial court allowed the original defendant to take a voluntary nonsuit against the additional parties, and to amend the answer to allege a counterclaim solely against plaintiff for breach of the contract not to engage in the same business. Held: The amendment eliminated the ground upon which the demurrer was interposed, and the overruling of the demurrer was proper, the amended answer being sufficient to state a cause of action under a liberal construction. C. S., 535.

APPEAL by plaintiffs from Ervin, Special Judge, at May Extra Civil Term, 1938, of MECKLENBURG. Affirmed.

Plaintiffs appealed from an order of the court below permitting defendant Felton Beauty Supply Company to file an amended answer, and overruling plaintiffs' demurrer thereto.

I. T. Cohen and Brock Barkley for plaintiffs, appellants.
Paul Ginsberg, William Winter and Robinson & Jones for defendant Felton Beauty Supply Co., appellee.

DEVIN, J.   The proceedings, out of which the question presented by this appeal arose, were had in the court below in the following order. Plaintiffs instituted their action against defendant Felton Beauty Supply Company to recover the sum of $217.33 alleged to be due them by reason of their return of certain merchandise to the defendant, pursuant to an agreement therefor.   The defendant filed an answer denying liability and alleging a counterclaim for damages in the sum of fifty thousand dollars for breach of certain covenants and contracts incident to the purchase of plaintiffs' shares of stock in defendant Felton Beauty Supply Company, whereby plaintiffs had bound themselves not to engage in the beauty supply business in North Carolina, South Carolina, and Georgia for the period of three years, and alleging further that plaintiffs had conspired with Irving H. Raff and Raff Beauty Supply Company to breach these contracts, resulting in damage to the answering defendant, and defendant asked that Irving H. Raff and Raff Beauty Supply Company be made parties defendant (which was done), and that these additional parties and the plaintiffs be enjoined from engaging in said business in the named states.   Copies of the contracts alleged to have been breached were attached to the answer.

Plaintiffs demurred to the counterclaim and cross-action set up in the answer on the ground of misjoinder of parties and causes of action and on the ground that the counterclaim was not such a demand as could be set up in this action.   Pending the hearing on the demurrer, defendant Felton Beauty Supply Company, by leave of the court, submitted to a judgment of voluntary nonsuit upon its cross-action against Irving H. Raff and Raff Beauty Supply Company, and obtained leave of the court to file an amended answer and counterclaim against the plaintiffs alone, omitting therefrom any statement of cause of action against Raff or Raff Beauty Supply Company.

In its amended answer and counterclaim against plaintiffs, defendant Felton Beauty Supply Company alleged that in consideration of the purchase by defendant of plaintiffs' shares of stock, and the payment of approximately $55,000 therefor, the plaintiffs had contracted and agreed not to engage, for the period of three years, in the Beauty Supply business in North Carolina, South Carolina, and Georgia, and not to divert the patronage of the defendant, and that these agreements, made in the name of W. S. Felton were for the benefit of and were assigned to the corporate defendant.   Defendant alleged that plaintiffs breached these contracts and did so through Irving H. Raff and Raff Beauty Supply Company who were their tools and agents for that purpose, causing damage to the defendant in the sum of fifty thousand dollars.

Thereupon, the court below, being of opinion that the amended answer stated a counterclaim against the plaintiffs arising out of breach of·

contracts between the plaintiffs and the answering defendant, overruled the demurrer, and the plaintiffs having duly excepted, appealed to this Court.

The appellants' exceptions to the rulings of the court below cannot be sustained. It is apparent that the court, by its order permitting voluntary nonsuit as to Irving H. Raff and Raff Beauty Supply Company and entering judgment dismissing the cross-action as to them, and granting leave to defendant to file amended answer setting up counterclaim for breach of contract against the plaintiffs alone, eliminated the ground upon which the demurrer was interposed. The action of the court, thereafter, in overruling the demurrer on the ground assigned therefor was supported by the decision of this Court on a similar state of facts in *Adams v. Mortgage Co.*, 211 N. C., 745, 191 S. E., 723.

An examination of the allegations in which defendant has stated its counterclaim against plaintiffs leads us to the conclusion that they are not such as, under the liberal procedure authorized by the statute and the decisions of this Court, can be overthrown by a demurrer. C. S., 535; *Blackmore v. Winders*, 144 N. C., 212, 56 S. E., 874; *Leach v. Page*, 211 N. C., 622, 191 S. E., 349.

The judgment of the court below is

Affirmed.