Civil action for an accounting by defendant for collections of "charged off accounts" of partnership of The Cash Supply Store, withdrawn from partnership assets for individual benefit of the partners, plaintiff and defendant, heard and dismissed upon demurrer ore tenus.
Plaintiff, in his complaint, sets forth two causes of action upon these basic facts, summarily stated:
1. That on or about 1 October, 1924, The Cash Supply Store, a partnership composed of plaintiff, defendant and one David E. Worthington, general partners, for the purpose of engaging in time-supply business — selling livestock, fertilizers and general farm supplies on a time basis with security in the form of crop liens, chattel mortgages, real estate mortgages, and deeds of trust as well as personal security, which partnership continued until 1 January, 1938, when plaintiff and defendant acquired the interest of David E. Worthington in the partnership assets, and also in all items which had theretofore been charged off the active partnership records in the manner hereinafter set out; and thereafter plaintiff and defendant, as general and equal partners, continued to do business under the same partnership name until the sale by plaintiff to defendant hereinafter set forth.
2. That the business of the partnership reached considerable proportions, approximately $200,000 per year, and it was found appropriate and necessary for income tax purposes to charge off and eliminate from active partnership records worthless and doubtful accounts against customers which had accumulated in the conduct of the partnership, upon which collections were made from time to time; and at the time of the sale by plaintiff to defendant hereinafter set forth there remained uncollected approximately $50,000, face value, of the accounts so charged off as worthless or doubtful.
3. That on 1 December, 1942, in consideration of a stipulated sum in cash and conveyances of certain real estate owned by the partnership, *Page 611 
plaintiff sold and conveyed to defendant all the interest of plaintiff in the other assets of the partnership in whatever form same might be held by the partnership and as shown on its active partnership records, but not including the uncollected charged off items hereinbefore mentioned, and the agreement in respect to such sale was reduced to writing and executed by plaintiff and his wife, a copy of which being attached to and made a part of the complaint as "Plaintiff's Exhibit A." This agreement covered:
"1. All cash on hand belonging to said partnership, with the exception of the agreed and stipulated amount to be received by the said L.C. Ferrell in the division of said partnership assets. And as said amount is being concurrently paid with the execution and delivery of this indenture, the parties have agreed that it is unnecessary to here state the amount of cash so transferred.
"2. All notes and bonds, whether secured or unsecured, held by the said copartnership trading as Cash Supply Store.
"3. All open accounts, secured and unsecured, and all other evidences of indebtedness held by the said copartnership trading as Cash Supply Store.
"4. All indebtedness, of every kind, character and description, owing to the Cash Supply Store, irrespective of whether the same may be evidenced by any paper writing, account, or not, together with all benefits, rights and powers with respect to any of the indebtedness, evidenced or unevidenced, intended to be transferred by this indenture."
Upon these basic facts, plaintiff alleges, as the first cause of action in his complaint, briefly stated, (1) That when the accounts charged off and removed from the books of account of the partnership and no longer appeared therein and were withdrawn from the stated assets of the partnership, such charged off assets, for whatever they might then or thereafter be worth, became, as a matter of law, the property of the partners in their individual capacities and no longer constituted any part of the partnership assets, and the undivided moiety in same passed to defendant by reason of the aforesaid sale by plaintiff to defendant; (2) but that if it be held as a matter of law that the paper writing, of which plaintiff's Exhibit A is a copy, does cover and embrace the charged off items not shown on the active partnership records, the holding would be contrary to agreement between the parties, and in such event the effect of such holding would be inequitable and unjust to plaintiff, and he would be entitled to a modification and reformation of same to conform to the actual agreement between the parties so as to exclude therefrom any interest of plaintiff in such charged off items, and plaintiff, therefore, asks, under such conditions, for such amendment and reformation. *Page 612 
And, upon same basic facts, plaintiff alleges, as the second cause of action in his complaint, briefly stated:
1. That defendant proposed that one partner should sell his interest in the assets appearing on the active books and records of the partnership for certain sum of cash and conveyances of certain real estate, and that the other partner should take all of the remaining assets appearing on the active books and records of the partnership, and the balance of the partnership real estate; and that his, plaintiff's, agreement to sell was upon the express condition that the charged off items were not to be treated as a part of the partnership assets; and that thereupon defendant stated that he would have appropriate papers prepared to carry out the agreement in respect to such sale which had been reached between them as aforesaid, and the papers, including plaintiff's Exhibit A, were prepared and executed.
2. But that if it be held as a matter of law that the paper writing of which "Plaintiff's Exhibit A" is a copy, purports to cover and embrace the charged off items not shown on the active partnership records, the holding would be contrary to the true and express agreement in respect thereto, and in such event, the effect of such holding would be inequitable and unjust to plaintiff, and he would be entitled to modification and reformation of the paper writing so as to conform to the actual and true agreement between the parties and so as to exclude entirely any interest of plaintiff in such charged off items which do not appear upon the active records of the partnership operations at the time of the execution of said paper writing; and, plaintiff, therefore, asks, under such condition, for such amendment and reformation.
Plaintiff, in reply filed to answer of defendant, reiterates allegations in substantial accord with the foregoing, and adds, among other similar allegations, "that irrespective of the issue of law raised by plaintiff's first cause of action it had been specifically agreed between the plaintiff and the defendant that the sale by one of them to the other, then under consideration, should have no effect upon the charged off items and that no consideration from one of them to the other either for value or forbearance was to be given or received and that said charged off items were and would continue to be the individual property of plaintiff and defendant, were not partnership assets and such status would be unaffected by the bill of sale to be executed by one of them to the other."
Plaintiff also prayed that a receiver be appointed, which was done.
Defendant, in answer filed, controverts the allegations of the plaintiff.
Thereafter, when the case came on for trial and, after the pleadings were read, defendant interposed demurrer ore tenus to each of the two causes of action alleged by plaintiff. The court, being of opinion that as a matter of law the charged off accounts of the Cash Supply Store, "referred to and sued upon in the plaintiff's first cause of action, were *Page 613 
partnership assets and assigned and conveyed to the defendant in the contract," plaintiff's Exhibit A, and, that, therefore, plaintiff has failed to allege facts sufficient to constitute a good cause of action against defendant on said first cause of action, sustained the demurrer thereto. And the court thereupon, and in accordance therewith, sustained the demurrer to second cause of action. Judgment was accordingly entered, and further vacating the order of receivership.
Plaintiff appeals therefrom to Supreme Court and assigns error.
Appellant challenges the action of the court below in sustaining demurrer ore tenus to each of his alleged causes of action. This brings into focus the pleadings, complaint and reply, filed by plaintiff, and raises the question as to whether the facts alleged are sufficient to constitute causes of action.
"The office of demurrer is to test the sufficiency of the pleadings, admitting, for the purpose, the truth of allegations of facts contained therein, and ordinarily relevant inferences of fact necessarily deducible therefrom are also admitted, but the principle does not extend to admissions of conclusions or inferences of law." Stacy, C.J., in Ballinger v. Thomas,195 N.C. 517, 142 S.E. 761. See also Smith v. Smith, 225 N.C. 189,34 S.E.2d 148, and cases cited.
The statute, G.S., 1-151, as applied in decisions of this Court, requires that the pleading be liberally construed, with a view to substantial justice between the parties, and every reasonable intendment must be in favor of the pleader. The pleading must be fatally defective before it will be rejected as insufficient. Leach v. Page, 211 N.C. 622,191 S.E. 349; Pearce v. Privette, 213 N.C. 501, 196 S.E. 843. See also Sandlin v. Yancey, 224 N.C. 519, 31 S.E.2d 532.
Applying these principles to the pleadings under consideration on this appeal, we are of opinion that the facts alleged are sufficient to state causes of action. In so holding it is not necessary to decide the question of law as to whether items of account charged off and taken out of the active books of account of the partnership, then cease to be partnership assets, and become the individual property of the partners, and we make no decision. But the facts alleged are sufficient (1) to admit of proof that by agreement of the parties the charged off items were expressly segregated from other assets of the partnership, and became individual property before the sale by plaintiff to defendant, and were not to be included in the subsequent bill of sale, and (2) to support an issue of *Page 614 
mutual mistake as basis for reformation of the bill of sale in accordance with the allegations of the complaint. This is sufficient to meet the test of demurrer.
Hence, we hold that there is error in sustaining the demurrer ore tenus
to both causes of action. Whether plaintiff be able to prove his allegations, remains for another day. He is entitled to the opportunity.
The judgment below is
Reversed.