### ELIZABETH PAGE ERICKSON ET AL. V. H. C. STARLING ET AL.

(Filed 2 May, 1951.)

**1. Pleadings § 19b—**

> Where there is a misjoinder of parties and causes the court is without authority to order a severance but must sustain defendants' demurrer. G.S. 1-132.

**2. Trusts § 24—**

> Trustees may not profit individually from a trust estate to the detriment of the *cestuis*, and are required to exercise their control of the trust corporation and subsidiaries controlled by it for the benefit of the *cestuis* and not for their personal profit.

**3. Same: Pleadings § 19b—Cestuis may join in one action trustees and all parties knowingly participating in alleged maladministration of trust.**

> Plaintiffs alleged that they were beneficiaries in a trust consisting of the controlling stock in a corporation, which corporation owned or controlled two subsidiary corporations. Plaintiffs instituted this action to remove the trustees and for an accounting, alleging dereliction of the trustees and maladministration of the trust, including the transfer to one of the trustees personally for an inadequate consideration stock in one of the subsidiaries, so that control of the subsidiary passed from the trustees in their fiduciary capacity. *Held:* Plaintiffs are entitled to investigate in a single action the entire ramifications of the alleged maladministration and maintain the action against the trustees and their confederates, corporate and individual, with a view to an accounting from all who knowingly participated in the derelictions and maladministration or profited therefrom, and defendants' demurrer thereto on the ground of misjoinder of parties and causes was correctly overruled. G.S. 1-123.

**4. Equity § 1—**

> Equity regards the substance and not the form.

APPEAL by defendants from *Bone, J.,* March Term, 1951, of WAKE.

Suit in equity to remove trustees, for an accounting, and to fix liability and losses for alleged derelictions and maladministration.

The complaint alleges that on 18 June, 1942, B. F. Page, then the owner of 400 shares of the common stock of W. H. King Drug Company, represented by two certificates of 200 shares each, transferred the same to three named trustees in trust for the benefit of his two daughters, plaintiffs herein, and their distributees, upon the trusts therein set out, for a period of twenty-five years, or "Until the 18 day of June 1967," and charged the trustees with certain specific duties and obligations in respect of handling the trust properties and distributing the dividends derived therefrom.

These 400 trust shares constitute the controlling interest or 61% of the outstanding stock of the W. H. King Drug Company.

At the time of the creation of the trust, the Peabody Drug Company was, and still is, a wholly owned subsidiary of W. H. King Drug Company, which parent company also owned 53% of the capital stock of Carolina Surgical Supply Company until 31 December 1947, when the defendant trustees permitted a transfer of 100 shares of this company's stock, 50 shares being transferred to trustee H. C. Starling personally. It is alleged that this sale of 50 shares of stock to H. C. Starling in the Carolina Surgical Supply Company at a wholly inadequate price was wrongfully and fraudulently allowed and ostensibly permitted the control of the corporation to pass from the trustees to others but in reality to the trustees individually.

It is further alleged that huge profits have been made by all three of the named corporations; that the trustees, individually, have profited therefrom in the form of "salaries" and "bonuses" as directors and officers, and that the plaintiffs have been paid a mere pittance in the form of dividends on their stock in the W. H. King Drug Company.

Wherefore they ask for the removal of the trustees, for an accounting, and for judgment fixing the liability of the defendants.

Demurrers interposed by each of the defendants on the dual grounds of misjoinder of parties and causes of action. From judgment overruling the demurrers, the defendants appeal, assigning errors.

*Lassiter, Leager & Walker for plaintiffs, appellees.*

*Smith, Leach & Anderson and James K. Dorsett, Jr., for defendants, appellants.*

STACY, C. J.   While the complaint in this action contains 80 separate allegations and covers 22 pages of the record, in its final analysis the case

comes to a very narrow compass. Is there a misjoinder of parties and causes of action? The trial court thought not, and we approve.

It is readily conceded that a misjoinder of parties and causes of action in the same complaint is demurrable, and the court is without authority, in such case, to order a severance of the causes of action for trial under the provisions of G.S. 1-132. *Teague v. Oil Co.,* 232 N.C. 65, 59 S.E. 2d 2; *Rose v. Warehouse Co.,* 182 N.C. 107, 108 S.E. 389.

All the plaintiffs are trying to do here, however, is to follow the 400 shares of stock placed in trust by their father for their use and benefit. It constitutes the controlling interest in the W. H. King Drug Company.

The trustees are charged with its use and management. Undoubtedly it reaches into the wholly-owned subsidiary Peabody Drug Company, and under the allegations of the complaint it would seem that the Carolina Surgical Supply Company is a proper, if not a necessary, party to the proceeding. *Farmers L. & T. Co. v. Pierson,* 222 N.Y.S. 532; *Rossi v. Davis,* 345 Mo. 362, 133 S.W. 2d 362, 25 A.L.R. 1111. There is much more in the complaint, but this is the heart of the matter.

The case is not unlike *Jarrett v. Green,* 230 N.C. 104, 52 S.E. 2d 223, where plaintiff's counsel aptly said: "We are entitled to pursue the hunt so long as we can track the fox; and not until we lose the trail are we obliged to abandon the chase, call our dogs and go home."

Trustees are not permitted to profit individually from the trust estate to the detriment of the *cestuis.* This is the gist of the allegations in the instant case. Having been given the controlling interest in the W. H. King Drug Company in trust for the benefit of the plaintiffs, it was and is the duty of the trustees to use such control of the parent company and also of the companies controlled by it, not for their personal profit, but for the use and benefit of the plaintiffs. The complaint seeks to bring in the trustees and their confederates, corporate and individual, with a view to an accounting from all who have participated in the derelictions and maladministration of the trustees or profited therefrom. This would seem to result in no misjoinder of parties and causes of action in excess of the permissible provisions of G.S. 1-123 or in opposition to the pertinent decisions on the subject. *Leach v. Page,* 211 N.C. 622, 191 S.E. 349; *Daniels v. Baxter,* 120 N.C. 14, 26 S.E. 634; *Va.-N.C. Chemical Co. v. Floyd,* 158 N.C. 455, 74 S.E. 465; *Bundy v. Marsh,* 205 N.C. 768, 172 S.E. 353. Trustees may not cover up their machinations by the use of corporate forms or camouflage of any kind. The arm of equity is neither short nor palsied when it comes to dealing with fraud; nor is judicial process or privilege intended to be used as a shield against ferreting it out or to stay the day of reckoning and judgment, but rather to be employed, as contemplated, in a single action for investigation of the whole scheme and the unravelling of its ramifications. Equity regards substance not

form, and corporate identity offers no bar to its pursuit of the "plumb-line" of right dealing and fair accounting. Amos. 7:8; *Mills v. Mutual B. & L. Assoc.,* 216 N.C. 664, 6 S.E. 2d 549; *Unemployment Compensation Com. v. Coal Co.,* 216 N.C. 6, 3 S.E. 2d 290; *Fisher, Et Al. v. So. Loan & Trust Co.,* 138 N.C. 224, 50 S.E. 659.

Up to now, the case rests only in allegation. The defendants have not yet answered. They may have a different story to tell. The question presently presented is the propriety of joining all the matters set out in a single complaint. The trustees are charged with maladministration of the trust estate, and the plaintiffs are seeking to follow the estate and to hold the trustees responsible and those who have knowingly participated in and profited from such maladministration, which would seem to be their right. *Branch Banking & Trust Co. v. Peirce,* 195 N.C. 717, 143 S.E. 524.

In *Young v. Young,* 81 N.C. 92, it was held (as stated in the first head-note) : "Where a general right is claimed arising out of a series of transactions tending to one end, the plaintiff may join several causes of action against defendants who have distinct and separate interests, in order to a conclusion of the whole matter in one suit." And it has been held that in such case the share of each, in causing the total loss, may be separately measured and assessed in one action. *Long v. Swindell,* 77 N.C. 176.

The rulings on the demurrers will be upheld.

Affirmed.